UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY ADKINS, CHARMAINE WILLIAMS, REBECCA PETTWAY, RUBBIE McCOY, WILLIAM YOUNG and MICHIGAN LEGAL SERVICES, on behalf of themselves and all others similar situated,<br><br>          Plaintiffs,<br><br>        -against-<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, MORGAN STANLEY ABS CAPITAL I INC., MORGAN STANLEY MORTGAGE CAPITAL INC., and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC,<br><br>         Defendants. | CASE NO. 12-cv-7667<br><br>**JOINT INITIAL REPORT AND PROPOSED PRETRIAL SCHEDULING ORDER**<br><br>Hon. Harold Baer |

WHEREAS the Court issued a letter on October 26, 2012 setting an initial Pre-Trial Conference to take place on December 13, 2012 at 2:45 p.m.;

WHEREAS, pursuant to the Court's letter and pursuant to the Pilot Program for Complex Civil Litigation (*see* DE #2),  the parties met and conferred in person on November 29, 2012 regarding potential discovery, motions practice, and a pre-trial schedule;

WHEREAS, the parties previously stipulated and the Court ordered, on November 7, 2012, a briefing schedule regarding Defendants' Motion to Dismiss the complaint, pursuant to which Defendants' motion is due on December 21, 2012, Plaintiffs' opposition is due on January 20, 2013, and Defendants' reply is due on February 10, 2013;

THEREFORE, the parties provide the following Initial Report on the parties' positions on the Pilot Project initial pretrial conference topics and a Proposed Pretrial Scheduling Order:

# INITIAL REPORT

1.      *Possibility of a stay or limitation of discovery pending a dispositive motion*.  The parties have tentatively agreed to a modification of the limited stay contemplated by the Pilot Program.  Specifically, the parties have agreed to a limited stay of discovery during the period that Defendants' Motion to Dismiss is pending.  Plaintiffs have agreed that, during this period, discovery will be stayed except with respect to the following two categories:  (1) Defendants will produce electronic data regarding loans originated in the Detroit region (as that region is defined in the Complaint) between 2005 and 2007 and purchased by Morgan Stanley for purposes of securitization, and (2) Defendants will cooperate with Plaintiffs' efforts to obtain third-party discovery from the New Century bankruptcy trust and the New Century Bankruptcy Examiner.  With respect to the first category of discovery, Defendants will produce the seller-provided loan-level data—including information about the loan's terms, the subject property, and the borrower's credit and financial history—for all loans where New Century was named the originating lender of funds secured by mortgages on residential real property and which were either (a) purchased by any Morgan Stanley entity for purposes of securitization in a mortgage-backed security or (b) included as an asset in a mortgage-backed security for which any Morgan Stanley entity acted as the sponsor.  The data will include the pool identification associated with the security for which the loan served as collateral.  For each loan, the data will include information derived from the loan file when purchased from New Century.  In addition to the actual data, Defendants agree to provide discovery of ancillary matters necessary to understand the data and analyze it effectively, such as "tech-to-tech" interviews, informal exchange of information about the data, and data dictionaries.  Plaintiffs reserve their right, following the resolution of the Motion to Dismiss, to request additional data related to New Century loans

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

securitized by Morgan Stanley, including loans originated prior to 2005 and/or originated outside the Detroit region.  The parties continue to confer in good faith on aspects of this tentative agreement, including the scope of the data that may be provided by Defendants while the Motion to Dismiss is pending, and will update the Court on the status of these discussions at the initial Pre-Trial Conference.

2.      *Appropriateness of initial disclosures pursuant to Rule 26(a)(1).*  Plaintiffs' position is that the parties should exchange initial disclosures on or before February 25, 2013. Defendants' position is that the exchange of initial disclosures should be stayed together with other discovery that the parties have agreed to stay pending resolution of the Motion to Dismiss. Alternatively, initial disclosures should not be exchanged until February 25, 2013, after the Motion to Dismiss is fully briefed and it is clear that Plaintiffs will not amend their complaint, to ensure that initial disclosures can be exchanged that address the issues in the case, as developed in the briefing to be concluded on February 10, 2013.

3.      *Possibility of consent to trial before a Magistrate Judge.*  The parties do not consent to proceed before a United States Magistrate for trial.

4.      *Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters.*  The parties agree that in the event that the District Judge refers matters or disputes to the Magistrate Judge, communication and coordination between the judges on pretrial matters is appropriate.

5.      *Preliminary issues that are likely to arise that will require court intervention.*

a.      *Motion to dismiss, page lengths.*  Plaintiffs' position is that the motion to dismiss should be subject to the page limits set out in Section III.A of the Pilot Program and Section 5.C of this Court's individual chamber's rules.  Defendants' position is that given the

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

number of issues raised by the 70-page complaint, an extension of page limits is appropriate for the briefing of the Motion to Dismiss and respectfully propose the following page limits to the Court:  40 pages for Defendants' opening brief, 40 pages for Plaintiffs' opposition brief, and 20 pages for Defendants' reply brief.

      b.    *Other preliminary issues.*  Apart from this issue, and the issue regarding a stay of discovery pending resolution of the Motion to Dismiss, the parties do not believe that there are any further preliminary issues requiring Court intervention at this time.

      6.    *Discovery.*

      a.    *New Century discovery.*  This action concerns the lending practices of New Century Mortgage Company.  Therefore, the parties agree to cooperate in good faith to take reasonable measures via the Bankruptcy Court to preserve and obtain relevant information and documents in the possession, custody or control of New Century Mortgage Company or its trustee.

      b.    *Prior proceedings.*  <u>Plaintiffs' position</u> is that Defendants have already produced pertinent documents or other information in prior judicial proceedings or government investigations concerning abuses in connection with their securitization of loans originated by New Century, including, *inter alia*, to the Massachusetts Attorney General in connection with the matter *In re Morgan Stanley & Co. Inc.*, Civ. A. No. 10-2538 (Mass. Super. Ct. June 24, 2010), and that Plaintiffs should be entitled to the discovery produced in such matters, subject to the protective orders issued in such actions, to the extent that such materials relate to Morgan Stanley's securitization of loans originated by New Century.  Plaintiffs also believe that, by definition, the re-production of discovery that has been organized for production in another matter cannot be unduly burdensome.  <u>Defendants' position</u> is that this demand is overbroad and

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

unduly burdensome.  Plaintiffs' complaint does not render subject to discovery here *all* prior discovery in judicial proceedings or government investigations involving Defendant.  Plaintiffs' complaint alleges specifically that New Century engaged in lending practices that had a disparate impact in the Detroit metropolitan area and that Defendants should be held liable for that alleged discrimination by New Century in that one location.  That is what this case concerns.  This case does not encompass all judicial proceedings and investigations involving Defendants' subprime securitization practices generally, involving other lenders or other locations.  This discovery is also voluminous and would impose costs and burdens on Defendants that are undue given their overbreadth.  Discovery in this matter should be limited to and focused on matters relevant to the specific claims and defenses at issue.

    c. *Data requests.*  <u>Plaintiffs' position</u> is that they may propound requests for production of electronic data containing loan-level information about loans made by New Century and securitized by Morgan Stanley, beyond what Defendants produce pursuant to the limited stay of discovery during the pendency of the Motion to Dismiss, within 30 days of the resolution of the Motion to Dismiss and that Defendants shall produce, as required under the Rules of Civil Procedure and/or orders from this Court, all such data requested by Plaintiffs in complete, readable, and useable form within 60 days of such being served with such requests.  <u>Defendants' position</u> is that the hypothetical demands discussed in Plaintiffs' position are not relevant to the Detroit-area, disparate-impact theory pled in the Complaint.  Regardless, any data requests should be subject to normal discovery procedures, which would allow for proper objections.  There is no need for any special, additional discovery deadline on this matter.  If any such deadline is set, it should apply the same to requests propounded by either side.

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

d.      *Pre-class-certification, non-expert discovery.*  The parties agree that pre-class-certification, non-expert discovery must be completed within nine months of the decision on the Motion to Dismiss.

e.      *Class-certification expert discovery.*  The parties propose to conduct discovery concerning experts supporting or opposing any Motion for Class Certification during the briefing of such motion, according to the positions in the Proposed Pretrial Scheduling Order following this Initial Report.

f.      *Timing and sequence.*  All proposals regarding the scheduling of discovery are set forth in the Proposed Pretrial Scheduling Order following this Initial Report.

g.      *Limitations and scope.*  The parties agree that the limits on requests for admission set forth in the Pilot Project Discovery Procedures (Part II.F) should be adopted.

h.      *ESI.*  The parties continue to meet and confer regarding the discovery of electronically stored information ("ESI"), and will submit a proposed order regarding ESI protocol no later than December 12, 2012.  If the parties are unable to agree to an ESI protocol, they will make separate submissions on that date.

i.      *Confidentiality order.*  The parties continue to meet and confer regarding confidentiality of documents and information produced in this litigation, and will submit a proposed confidentiality order no later than December 12, 2012.  If the parties are unable to agree to a proposed confidentiality order by that date, they will make separate submissions.

j.      *Foreign discovery.*  The parties do not contemplate any foreign discovery at this time.

7.      *Issues to be tried, bifurcation.*  The parties respectfully submit that it is premature to identify ways in which issues may be narrowed or bifurcated to make trial more efficient, or to

propose a mini-trial on any particular issues.  In the event that the Motion to Dismiss is denied,

the parties will meet and confer in good faith following an order on a Motion for Class

Certification (and/or an order on any dispositive motion brought by Defendants, *e.g.*, summary

judgment) and submit a Joint Preliminary Trial Report (*see* Pilot Project IV.A) concerning any

proposals to narrow issues for trial.

8.      *Class certification.*  The parties have met and conferred regarding a procedure and

schedule for class certification that is set forth in the Proposed Pretrial Scheduling Order

following this Initial Report.  That schedule contemplates the production of data, documents, and

information in advance of the deadline to file the motion for class certification.  The parties agree

that any schedule should include a procedure regarding the service of expert declarations in

support of or in opposition to the motion for class certification, the depositions of experts, and a

proposed briefing schedule.

9.      *ADR/mediation.*  Plaintiffs state that because this action involves important civil

rights issues and seeks declaratory, injunctive, and equitable relief, and not class-wide damages,

any private mediation would appropriately focus on those issues and remedies.  Plaintiffs are

willing to participate in a mediation in that context in the future, after sufficient discovery is

completed or informally exchanged, if deemed appropriate.  Defendants state, without agreeing

to Plaintiffs' characterization of the action or commenting on the scope of relief Plaintiffs seek,

that they are willing to participate in mediation at any time that it would be useful.  Recognizing

Plaintiffs' position, Defendants agree to confer regarding a potential mediation and possible

mediators at a subsequent time when both parties agree that any such mediation could be fruitful.

10.     *Pleadings, including sufficiency and amendments, and the likelihood and timing*

*of amendments.*  Plaintiffs do not contemplate any amendments to the pleadings at this time, but

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

reserve the right, pursuant to the Court's individual practices, to notify Defendants and the Court within 10 days of receipt of Defendants' motion to dismiss of whether they will amend their complaint in lieu of opposing Defendants' motion.  Plaintiffs also reserve the right to seek leave to amend at any later date in light of any future rulings the Court may make (*e.g.*, if the Court grants Defendants' Motion to Dismiss with leave to amend) or upon the discovery of new information obtained in the course of this litigation.  Defendants' position is that this Court's practices cover the possibility of an amendment in response to a Motion to Dismiss.  In the event that the Motion to Dismiss is denied, then Defendants' position is that no additional causes of action or defenses may be asserted more than 60 days following the close of fact discovery.

11.    *Joinder of additional parties, and the likelihood and timing of joinder of additional parties.*  Plaintiffs do not contemplate any joinder of additional parties at this time, but believe that such joinder may be appropriate in the future.  Plaintiffs therefore do not believe that scheduling the timing of such joinder would be helpful or appropriate at this time.  Defendants' position is that, in the event the Motion to Dismiss is denied, then no additional parties may be joined more than 90 days following the Court's decision on that motion.

12.    *Expert witnesses.*  The parties agree that in the event the Motion to Dismiss is denied, then experts and expert discovery will be appropriate to the litigation of this action.  Plaintiffs will submit declarations from an appropriate number of experts in support of their Motion for Class Certification.  Defendants estimate that they will need to submit declarations from experts in opposition to any Motion for Class Certification.

13.    *Damages.*  Plaintiffs do not seek class-wide damages, but rather seek damages for themselves and an equitable disgorgement remedy on behalf of the class.

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

14.     *Final pretrial order.*  The parties agree that in the event no dispositive motion dismissing the case renders it moot, a Final Pretrial Order would likely be helpful in trying this action and therefore do not agree to waive it at this time.

15.     *Possible trial-ready date.*  In the event that no motion disposes of the case before resolution of a Motion for Class Certification, then the parties agree to meet and confer and propose a trial date within 30 days of a Court order on that motion.  The parties do not believe that it is possible to set a trial-ready date at this time.  If a date is needed, the parties respectfully submit that May 2015 should be the trial-ready date.

16.     *Court logistics and mechanics.*  <u>Plaintiffs' position</u> is that regular case management conferences, as well as informal discovery conferences, would help to efficiently and expeditiously litigate this action.  Plaintiffs contemplate that such conference could be informal and could take place via telephonic conference.  Plaintiffs respectfully propose that the Court hold such conferences every three to four months.  <u>Defendants' position</u> is that there appears to be no need for such conferences at this time, but Defendants do not oppose Plaintiffs' request if the Court believes it would be useful.

17.     *The need for additional meet and confer sessions.*  The parties will continue to meet and confer on an ESI protocol and confidentiality order.

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

**PROPOSED PRETRIAL SCHEDULING ORDER**

|   | Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|---|
| 1 | Exchange of initial disclosures | February 25, 2013 | 30 days following a decision on the Motion to Dismiss<br><br>Alternatively: February 25, 2013 |
| 2. | Motion to Dismiss fully briefed | February 10, 2013 | February 10, 2013 |
| 3. | Last day to join additional parties | None | 90 days following a decision on the Motion to Dismiss |
| 4. | Last day to complete pre-class certification, non-expert discovery | 9 months following a decision on the Motion to Dismiss | 9 months following a decision on the Motion to Dismiss |
| 5. | Plaintiffs' Motion for Class Certification due | 13 months following a decision on the Motion to Dismiss | 10 months following a decision on the Motion to Dismiss |
| 6. | Plaintiffs' disclosures of expert witnesses due | 13 months following a decision on the Motion to Dismiss | 10 months following a decision on the Motion to Dismiss |
| 7. | Plaintiffs' Experts and Declarants Not Previously Identified as Potential Witnesses Available for Deposition | 60 days following Event #6 | During 60 days following Event #6 (Plaintiffs' disclosure of expert witnesses) |
| 8. | Defendants' Opposition to Motion for Class Certification due | 60 days following Event #5 | 77 days following Event #5 (Plaintiffs' Motion for Class Certification) |
| 9. | Defendants' disclosures of expert witnesses due | 60 days following Event #6 | 77 days following Event #6 (Plaintiffs' disclosure of expert witnesses) |
| 10. | Defendants' Experts and Declarants Not Previously Identified as Potential Witnesses Available for Deposition | 35 days following Event #9 | During 35 days following Event #9 (Defendants' disclosure of expert witnesses) |

-10-

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

| 11. | Plaintiffs' Reply in Support of Class Certification Due | 60 days following Event #8 | 45 days following Event #8 (Defendants' Class Certification Opposition) |
|---|---|---|---|
| 12. | Parties to meet and confer and file a report to address a further schedule through trial | 30 days following a decision on Plaintiffs' Motion for Class Certification | 30 days following a decision on Plaintiffs' Motion for Class Certification |
| 13. | Last day for fully-briefed dispositive motions to be in Chambers | 5 months prior to trial-ready date | 5 months prior to trial-ready date |

**IT IS SO ORDERED**:


Dated: _____                    _____
                                         The Honorable Harold Baer, Jr.
                                         United States District Judge


Dated:  December 6, 2012                 Respectfully submitted,




                                              /s/ Rachel J. Geman
                                         By: _____

                                         Dennis D. Parker
                                         Laurence M. Schwartztol
                                         Rachel E. Goodman
                                         American Civil Liberties Union Foundation
                                         125 Broad Street, 18th Floor
                                         New York, NY 10004
                                         Telephone: (212) 549-2500
                                         Facsimile: (212) 549-2651

                                         Stuart T. Rossman
                                         Charles M. Delbaum
                                         Arielle Cohen
                                         The National Consumer Law Center
                                         7 Winthrop Square, 4th Floor
                                         Boston, MA 02210
                                         Telephone: (617) 542-8010
                                         Facsimile: (617) 542-8028

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6

Michael J. Steinberg
Kary L. Moss
Sarah L. Mehta
American Civil Liberties Union Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6814
Facsimile: (313) 578-6811

Elizabeth J. Cabraser
Michael W. Sobol
Lieff Cabraser Heimann and Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel J. Geman
Lieff Cabraser Heimann and Bernstein LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*Counsel for Plaintiffs*

                    */s/* Noah A. Levine
By:   _____

Noah A. Levine
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

David W. Ogden
Brian M. Boynton
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6440
Facsimile: (202) 663-6363
*Counsel for Defendants*

ActiveUS 103898782v.2
ActiveUS 103965659v.1
1067903.6