# APPENDIX
# TABLE OF CONTENTS

Page

15 U.S.C. § 1691 ......................................................................................................... 2

15 U.S.C. § 1691a ....................................................................................................... 2

15 U.S.C. § 1691e (2006) ........................................................................................... 2

42 U.S.C. § 3605 ......................................................................................................... 3

42 U.S.C. § 3613 ......................................................................................................... 4

12 C.F.R. § 202.2 ........................................................................................................ 4

24 C.F.R. § 100.125 .................................................................................................... 5

Mich. Comp. Laws § 37.2502 .................................................................................... 6

Mich. Comp. Laws § 37.2504 .................................................................................... 6

Mich. Comp. Laws § 600.5805 .................................................................................. 6

Mich. Comp. Laws § 600.5827 .................................................................................. 7

**UNITED STATES CODE; Title 15—Commerce and Trade; Chapter 41—Consumer Credit Protection; Subchapter IV—Equal Credit Opportunity**

**15 U.S.C. § 1691.  Scope of prohibition**

(a) Activities constituting discrimination

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—
>
> > (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
> >
> > (2) because all or part of the applicant's income derives from any public assistance program; or
> >
> > (3) because the applicant has in good faith exercised any right under this chapter.

> \*   \*   \*

**15 U.S.C. § 1691a.  Definitions; rules of construction**

> \*   \*   \*

(e) The term ''creditor'' means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

> \*   \*   \*

**15 U.S.C. § 1691e (2006).  Civil liability**

> \*   \*   \*

(f) Jurisdiction of courts; time for maintenance of action; exceptions

> Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction.  No such action shall be brought later than two years from the date of the occurrence of the violation, except that—

(1) whenever any agency having responsibility for administrative enforcement under section 1691c of this title commences an enforcement proceeding within two years from the date of the occurrence of the violation,

(2) whenever the Attorney General commences a civil action under this section within two years from the date of the occurrence of the violation,

then any applicant who has been a victim of the discrimination which is the subject of such proceeding or civil action may bring an action under this section not later than one year after the commencement of that proceeding or action.

\*   \*   \*

**UNITED STATES CODE; Title 42—The Public Health and Welfare; Chapter 45—Fair Housing; Subchapter I—Generally**

**42 U.S.C. § 3605.  Discrimination in residential real estate-related transactions**

(a) In general

It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

(b) "Residential real estate-related transaction" defined

As used in this section, the term "residential real estate-related transaction" means any of the following:

(1) The making or purchasing of loans or providing other financial assistance—

(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or

(B) secured by residential real estate.

(2) The selling, brokering, or appraising of residential real property.

\*   \*   \*

**42 U.S.C. § 3613.  Enforcement by private persons**

(a) Civil action

>(1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.
>
>(B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. This subparagraph does not apply to actions arising from a breach of a conciliation agreement.

*   *   *

**CODE OF FEDERAL REGULATIONS; Title 12—Banks and Banking; Chapter II—Federal Reserve System; Subchapter A—Board of Governors of the Federal Reserve System; Part 202—Equal Credit Opportunity Act (Regulation B)**

**12 C.F.R. § 202.2.  Definitions**

For the purposes of this regulation, unless the context indicates otherwise, the following definitions apply.

*   *   *

>(*l*) *Creditor* means a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit.  The term creditor includes a creditor's assignee, transferee, or subrogee who so participates.  For purposes of § 202.4(a) and (b), the term creditor also includes a person who, in the ordinary course of business, regularly refers applicants or prospective applicants to creditors, or selects or offers to select creditors to whom requests for credit may be made.  A person is not a creditor regarding any violation of the Act or this regulation committed by another creditor unless the person knew or had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction.  The term does not include a person whose only participation in a credit transaction involves honoring a credit card.

*   *   *

**CODE OF FEDERAL REGULATIONS; Title 24—Housing and Urban Development; Subtitle B—Regulations Relating to Housing and Urban Development; Chapter I—Office of Assistant Secretary for Equal Opportunity, Department of Housing and Urban Development; Subchapter A—Fair Housing; Part 100—Discriminatory Conduct Under the Fair Housing Act; Subpart C—Discrimination in Residential Real Estate-related Transactions**

**24 C.F.R. § 100.125.  Discrimination in the purchasing of loans**

(a) It shall be unlawful for any person or entity engaged in the purchasing of loans or other debts or securities which support the purchase, construction, improvement, repair or maintenance of a dwelling, or which are secured by residential real estate, to refuse to purchase such loans, debts, or securities, or to impose different terms or conditions for such purchases, because of race, color, religion, sex, handicap, familial status, or national origin.

(b) Unlawful conduct under this section includes, but is not limited to:

  (1) Purchasing loans or other debts or securities which relate to, or which are secured by dwellings in certain communities or neighborhoods but not in others because of the race, color, religion, sex, handicap, familial status, or national origin of persons in such neighborhoods or communities.

  (2) Pooling or packaging loans or other debts or securities which relate to, or which are secured by, dwellings differently because of race, color, religion, sex, handicap, familial status, or national origin.

  (3) Imposing or using different terms or conditions on the marketing or sale of securities issued on the basis of loans or other debts or securities which relate to, or which are secured by, dwellings because of race, color, religion, sex, handicap, familial status, or national origin.

(c) This section does not prevent consideration, in the purchasing of loans, of factors justified by business necessity, including requirements of Federal law, relating to a transaction's financial security or to protection against default or reduction of the value of the security.  Thus, this provision would not preclude considerations employed in normal and prudent transactions, provided that no such factor may in any way relate to race, color, religion, sex, handicap, familial status or national origin.

**MICHIGAN COMPILED LAWS; Chapter 37—Civil Rights; Act 453 of 1976—Elliott-Larsen Civil Rights Act; Article 5**

**Mich. Comp. Laws § 37.2502.  Persons engaging in real estate transactions, real estate brokers, or real estate salesmen; prohibited practices; section subject to MCL 37.2503**

(1) A person engaging in a real estate transaction, or a real estate broker or salesman, shall not on the basis of religion, race, color, national origin, age, sex, familial status, or marital status of a person or a person residing with that person:

   (a) Refuse to engage in a real estate transaction with a person.

   (b) Discriminate against a person in the terms, conditions, or privileges of a real estate transaction or in the furnishing of facilities or services in connection with a real estate transaction.

*   *   *

**Mich. Comp. Laws § 37.2504.  Application for financial assistance or financing; prohibited practices; nonapplicability of MCL 37.2504(1)(b)**

*   *   *

(2) A person whose business includes engaging in real estate transactions shall not discriminate against a person because of religion, race, color, national origin, age, sex, familial status, or marital status, in the purchasing of loans for acquiring, constructing, improving, repairing, or maintaining a dwelling or the making or purchasing of loans or the provision of other financial assistance secured by residential real estate.

*   *   *

**MICHIGAN COMPILED LAWS; Chapter 600—Revised Judicature Act of 1961; Chapter 58—Limitations of Actions**

**Mich. Comp. Laws § 600.5805.  Injuries to persons or property; period of limitations; "dating relationship" defined**

(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

*   *   *

(10) Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property.

*     *     *

**Mich. Comp. Laws § 600.5827.  Accrual of claim**

Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues.  The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.