```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-25-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY ADKINS, CHARMAINE WILLIAMS, REBECCA PETTWAY, RUBBIE McCOY, WILLIAM YOUNG and MICHIGAN LEGAL SERVICES, on behalf of themselves and all others similar situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, MORGAN STANLEY ABS CAPITAL I INC., MORGAN STANLEY MORTGAGE CAPITAL INC., and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC,<br><br>Defendants. | CASE NO. 12-cv-7667<br><br>**STIPULATED PROPOSED AMENDED PROTECTIVE ORDER**<br><br>Hon. Harold Baer |

**WHEREAS**, the parties to the above-captioned action (the "Action") may seek discovery of documents, information, and/or other materials that contain confidential, proprietary, and/or private information for which special protection from public disclosure is warranted;

**WHEREAS**, the parties desire to ensure that such confidential, proprietary, and/or private information shall be used only for the purposes set forth in this Protective Order and shall not be disclosed or used in any other way;

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to and petition the Court to enter the following Stipulated Amended Protective Order. The parties further acknowledge, as set forth in Section 12.1, below, that this Order does not entitle them to file confidential information under seal; the rules of this Court and this Court's Individual Practices set forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

The Court having found that, in light of the confidential, proprietary, and/or private information that may be sought in discovery, good cause exists for the entry of the following Stipulated Amended Protective Order,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. **DEFINITIONS**

    1.1.    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of Discovery Material under this Order.

    1.2.    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    1.3.    <u>Designating Party</u>:  a Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    1.4.    <u>Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

    1.5.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    1.6.    <u>House Counsel</u>:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    1.7.    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    1.8.    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to

this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.9.     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.10.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.11.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.12.    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.13.    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.     **CONFIDENTIALITY DESIGNATIONS**

2.1.     The designation "CONFIDENTIAL" shall be limited to Discovery Material that the Designating Party has determined, in good faith, contains non-public, proprietary, confidential, and/or commercial information that is not readily ascertainable through lawful means by the public or the Receiving Party and/or contains personally identifying financial information whether or not that information is subject to privacy protection under federal, state, local, or any applicable foreign law.  As such, the material

-3-

may include nonparty borrower information ("Nonparty Borrower Information") that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations. As set forth in ¶13.8, this Order authorizes the disclosure of such Nonparty Borrower Information in the above-captioned action to the extent such information is relevant to the Parties' claims or defenses in the above-captioned action.

2.2.   The designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to Discovery Material which the Designating Party believes to contain highly sensitive and/or proprietary information, including but not limited to documents or information reflecting, containing or derived from highly sensitive financial or commercial information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL" under this Order, could cause future business or financial harm to the Designating Party.

2.3.   Failure to designate any documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of any Party's right to make such a designation at a later time, consistent with Section 5.3 of this Order.

3.   **SCOPE**

3.1.   This Order shall be binding on (a) the Parties; (b) Counsel for the Parties; and (c) any other person who receives or possesses Disclosure or Discovery Material produced by a Producing Party.

3.2.   The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3)

any testimony, communications, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

      3.3.     Non-Parties who are required to produce documents in response to a subpoena in connection with this Action shall be entitled to invoke the provisions of this Order as if such Non-Party were a party to this action.


## 4.    **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition of this Action shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    **DESIGNATING PROTECTED MATERIAL**

      5.1.     <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies within the definitions of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" set forth in Sections 2.1 and 2.2 of this Order. The Designating Party may designate documents, items, or oral or written communications for protection if they contain confidential or highly confidential information. Where electronic data is produced in database form, an entire database may be designated for protection.

If it comes to a Designating Party's attention that Discovery Material that is designated for protection does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    Manner of Designating Protected Material. Disclosure of Discovery Material should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" in one or more of the following ways by Producing Parties:

(a)   for Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before

-6-

producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each document that contains Protected Material.

      (b)   for responses to interrogatories and requests for admissions, the Producing Party shall mark the relevant pages "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      (c)   for testimony given in depositions, the Designating Party may identify on the record, before the close of the deposition, all protected testimony. In addition to designations made on the record during a deposition, each deposition transcript in this action shall be provisionally deemed "CONFIDENTIAL" from the date of the deposition through twenty (20) days after all Parties have received the transcript. Any Party or deponent may designate deposition transcripts or pages thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, within those twenty (20) days.

      (d)   for electronic data produced in database form, the Producing Party shall designate such data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by including such designation in the file name and/or elsewhere in the descriptive matter produced with the database. Such designation shall apply to the entirety of the database; no portion or subset of the data need be specifically designated.

      (e)   for information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3.    Challenges to Protection of Pages Within Certain Confidential Documents For Court Use. If the Receiving Party believes that certain pages of Discovery Material produced in documentary form that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" contain information that does not fall within the definitions of those terms as set forth in Sections 2.1 and 2.2 of this Order, and the Receiving Party has used or is using pages of the Discovery Material it believes to be non-confidential in a submission to the Court in this Action, or believes in good faith that such pages are reasonably likely to be used in a submission to the Court in this Action, the Receiving Party may challenge the designation of those pages in accordance with the provisions of Section 6 and 12 of this Order.

5.4.    Inadvertent Failures to Designate. If a Producing Party inadvertently fails to designate certain Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or inadvertently makes an improper designation, as determined in the sole discretion of the Producing Party, the Producing Party shall promptly notify the Receiving Party in writing, specifically identifying the Discovery Material at issue, and shall provide to the Receiving Party replacement documents marked as required in this Order. The Receiving Party shall return or destroy all originals and copies of the materials inadvertently produced and take reasonable necessary steps to assure the confidentiality of the protected material and shall retrieve the Protected Material from individuals to whom disclosure was made but would not have been permitted had the material been originally designated properly. The inadvertent disclosure of Protected Material without appropriate designation at the time of production or disclosure shall not, by itself, be deemed a waiver in whole or in part of a Producing

Party's claim of protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may petition the Court to resolve the dispute within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  These time limits may be extended by written agreement of the Parties.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file an opposition to the Challenging Party's petition as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.     Disclosure of "CONFIDENTIAL" Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL" only to:

(a)     the Counsel advising or representing any Party in this Action, and their associated legal assistants, and staff members working on this Action ;

-10-

(b)    the officers, directors, and employees of the Parties, or their corporate

parents and/or affiliates, to whom disclosure is reasonably necessary for this litigation and who

have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A (Exhibit A);

(c)    Experts (as defined in this Order) and professional jury or trial consultants

to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    stenographic reporters and their staff engaged for depositions or other

proceedings necessary to the conduct of the Action;

(f)    employees of Professional Vendors, provided that each respective vendor

has a general confidentiality agreement in place with retaining counsel, and provided that each

Professional Vendor with access to the Confidential Discovery Material sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of the company;

(g)    during their depositions, witnesses in the action to whom disclosure is

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A). Execution of Exhibit A will be unnecessary if the deponent is employed

by the Producing Party or is already obligated to comply with the terms of this Order. All

persons not entitled to view the Confidential Discovery Material shall leave the room for the

portion of the deposition concerning Protected Material. Pages of transcribed deposition

testimony or exhibits to depositions that reveal Protected Material must be separately bound by

the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h)    the author or recipient of a document containing the Confidential

Discovery Material or a custodian or other person who otherwise possessed or knew the Confidential Discovery Material.

(i)     any mediator who is engaged to assist the Parties in settlement negotiations, provided that, before any disclosure is made, she/he must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.     Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Discovery Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)     the Counsel advising or representing any Party in this Action, and their associated legal assistants, and staff members working on this Action;

(b)     the Court and its personnel;

(c)     stenographic reporters and their staff engaged for depositions or other proceedings necessary to the conduct of the Action;

(d)     employees of Professional Vendors, provided that each respective vendor has a general confidentiality agreement in place with retaining counsel, that reasonable steps are taken to segregate the Attorneys' Eyes Only Discovery Material and limit access to only those employees necessary, and that each Professional Vendor with access to the Attorneys' Eyes Only Discovery Material sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of the company;

(e)     Experts (as defined in this Order) and professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Execution of Exhibit A will be unnecessary if the deponent is employed by the Producing Party or is already obligated to comply with the terms of this Order. All persons not entitled to view the Attorneys' Eyes Only <u>Discovery Material</u> shall leave the room for the portion of the deposition concerning Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     any mediator who is engaged to assist the Parties in settlement negotiations, provided that, before any disclosure is made, she/he must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Discovery Material designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued

-13-

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

      (a)    The terms of this Order are applicable to Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such Discovery Material produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential Discovery Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential Discovery Material, then the Party shall:

      (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the Discovery Material requested is subject to a confidentiality agreement with a Non-Party;

-14-

(2)      promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the Discovery Material requested; and

(3)      make the Discovery Material requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court with 14 days of receiving the notice and accompanying Discovery Material, and the Receiving Party does not seek a protective order within 21 days if providing notice to the Non-Party, the Receiving Party may produce the Non-Party's confidential Discovery Material responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any Discovery Material in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

---

[1] The Purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Agreement to Be Bound" that is attached hereto as Exhibit A. Depending upon the circumstances, nothing contained herein shall limit the right of the Designating Party to seek relief against the party responsible for such disclosure.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party inadvertently produces any Discovery Material in this Action that the Producing Party has a good faith basis to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product (the "Privileged Material"), regardless of whether the Discovery Material was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" or neither of these at the time of disclosure:

(a) The Parties acknowledge and stipulate that the disclosure does not, by itself, waive, in whole or part, the party's claim of privilege either as to the specific Discovery Material or information disclosed therein or as to any other documents or information relating thereto or on the same or related subject matter, in this or any other federal or state proceeding.

(b) The Producing Party may, upon discovery of the inadvertent production, request the return of the Privileged Material that was inadvertently disclosed. Upon receipt of such a request, the Receiving Party shall comply with the provisions of Fed. R. Civ. Pro. 26(B)(5)(b). Whether or not the Receiving Party disputes the Privileged Material's protected status, if the Receiving Party disclosed the Privileged Material prior to a demand for its return, it shall promptly notify any persons with whom the Privileged Material was shared and use reasonable efforts to collect and return all copies to the Producing Party and/or destroy all such copies, and certify in writing that it has exhausted its reasonable efforts to collect and return all copies.

-16-

**12.    FILING PROTECTED MATERIAL**

     12.1.    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may only file Protected Material in this case with a request that the documents be filed under seal in accordance with the rules of the Court and this Court's Individual Practices.

     12.2.    Challenging Confidentiality of Filed Material. A Party that has filed Protected Material in this case with a request that the Protected Material be filed under seal in accordance with Section 12.1 may, at the time of filing, challenge the designation as confidential of pages within a document labeled confidential. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties

-17-

cannot resolve a challenge without Court intervention, the Challenging Party may petition the Court to resolve the dispute in accordance with Section 6.3.

12.3.    Early Resolution of Disputes. The parties agree that they will in good faith seek to present and resolve any disputes regarding the need for confidential treatment of pages within a document labeled confidential likely to be used in court filings at an earlier stage in the litigation, when the potential use for the document becomes known, rather than wait to seek to challenge and resolve all such disputes upon the filing of the documents in court.

13.    **MISCELLANEOUS**

13.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Discovery Material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3.    A Party's compliance with the terms of this Order shall not operate as an admission that any particular Discovery Material or information therein is or is not (a) confidential, (b) privileged, or (c) admissible evidence at trial.

13.4.    This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The Parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court.

13.5.    All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure.

13.6.    The terms of this Order shall be binding upon all current and future parties to this Action and their Counsel; any party appearing in the case following entry of this Order shall be deemed to join the case subject to its provisions. Within ten (10) days of entry of a new party to this Action, Counsel for the Plaintiffs (in the case of a new party plaintiff) or Counsel for the Defendants (in the case of a new party defendant) shall serve a copy of this Order on the new party's counsel who have filed an appearance.

13.7.    Nothing in this Order is intended to limit the rights of any Party to use the Discovery Material it has produced in this Action in any way such Party sees fit.

13.8.    To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (hereinafter, "Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party to obtain a court subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for such information disclosed in this Order, the volume of documents potentially to be produced, and the ongoing oversight of this Court, there is good cause to excuse such a requirement, and this Order shall constitute an express direction that the Party is exempt from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be

-19-

notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents potentially to be produced, and the ongoing oversight of the Court, the Parties are explicitly prohibited from providing such notice. Any Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Nonparty Borrower Information Law.

14.   **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED:**

The Honorable Harold Baer, Jr.
United States District Judge

Dated: March 19, 2013

Respectfully submitted,

"Sealed" and "Confidential" documents may be
opened upon notice to the parties pursuant to further
order of the court.

SO ORDERED:

Hon. Harold Baer, Jr., U.S.D.J.

Date:

By: _____

Dennis D. Parker
Laurence M. Schwartztol
Rachel E. Goodman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2651

Stuart T. Rossman
Charles M. Delbaum
Arielle Cohen
The National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02210
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Michael J. Steinberg
Kary L. Moss
Sarah L. Mehta
American Civil Liberties Union Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6814
Facsimile: (313) 578-6811

Elizabeth J. Cabraser
Michael W. Sobol
Lieff Cabraser Heimann and Bernstein LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

-21-

Rachel J. Geman
Lieff Cabraser Heimann and Bernstein LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*Counsel for Plaintiffs*

By: _____

Noah A. Levine
Colin T. Reardon
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

David W. Ogden
Brian M. Boynton
Danielle Y. Conley
Jonathan Bressler
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6440
Facsimile: (202) 663 6363
*Counsel for Defendants*