WILMERHALE

October 18, 2013

**David W. Ogden**

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

The Honorable Harold Baer, Jr.
United States Courthouse
500 Pearl St., Chamber 2230
New York, NY 10007-1312

Re: *Adkins v. Morgan Stanley*, No. 1:12-cv-7667

Dear Judge Baer:

I represent Defendants in the above action. I write to update the Court regarding developments relevant to Defendants' August 5, 2013 motion to stay these proceedings pending a decision by the Supreme Court in *Township of Mount Holly v. Mount Holly Gardens Citizens in Action, Inc.*, No. 11-1507, or, in the alternative, to certify an appeal pursuant to 28 U.S.C. § 1292(b). *See* ECF No. 49 (the "Motion").

First, the Supreme Court has scheduled oral argument in *Mount Holly* for December 4, 2013. With oral argument now less than two months away, any prejudice entailed by a short pause in this litigation for a stay pending *Mount Holly* is substantially exceeded by the current discovery and other litigation burdens on the parties in this case, given the scope and complexity of this putative class action.

Second, briefs filed by *amici* supporting the *Mount Holly* petitioners confirm the relevance of the case to the disparate impact claim in this case. At least two briefs specifically argue that disparate impact claims are not cognizable under 42 U.S.C. § 3605:

- The brief filed by the American Bankers Association, the Chamber of Commerce of the United States of America, and additional *amici* argues that Section 3605 precludes disparate impact claims "[f]or all the reasons Section [3604(a)] does not permit disparate-impact claims." *See* Ex. A at 6. For example, the brief notes that "[l]ike Section [3604], Section [3605] does not contain language about the 'affect' or 'effects' of facially neutral conduct. (No section of the FHA contains the 'adversely affects' or 'tend to deprive' language that signal disparate-impact liability in Title VII and the ADEA.)" *Id.* at 26-27.

- The brief filed by the American Financial Services Association and additional *amici* notes that the arguments against a disparate impact theory presented in the *Mount Holly* petitioners brief "appl[y] with even more force to Section [3605]." *See* Ex. B at 3. The brief also argues that "use of the disparate-impact theory has particularly deleterious effects on the residential mortgage lending industry" because "[s]ensible, risk-based credit standards" are "highly predictive of applicants' ability to repay

**WILMERHALE**

The Honorable Harold Baer, Jr.
October 18, 2013
Page 2

debt" but nevertheless may "yield lending outcomes across racial and ethnic groups that are disproportionate to their share of the population." *Id.*

The arguments in these briefs further support Defendants' argument that the decision in *Mount Holly* is likely to control, or at minimum bear heavily upon, the question whether disparate impact claims are cognizable under Section 3605. *See* ECF No. 58 at 2-3.

Respectfully submitted,

*[signature]*

David W. Ogden

*Counsel for Defendants*

cc: Larry Schwartztol
    Rachel Geman

ActiveUS 117007979v.1