# WILMERHALE

November 15, 2013

**David W. Ogden**

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

The Honorable Harold Baer, Jr.
United States Courthouse
500 Pearl St., Chamber 2230
New York, NY 10007-1312

Re:  *Adkins v. Morgan Stanley*, No. 1:12-cv-7667

Dear Judge Baer:

I represent Defendants in the above-referenced case.  On August 5, 2013, Defendants moved for a stay of this case pending the Supreme Court's decision in *Township of Mount Holly v. Mount Holly Gardens Citizens in Action, Inc.*, or, in the alternative, for certification of three questions for interlocutory review under 28 U.S.C. § 1292(b).  *See* ECF No. 49.

I write to notify the Court that the parties in *Mount Holly* have reached a settlement.  *See Mt. Holly Garden Citizens in Action, Inc. v. Township of Mount Holly*, No. 08-cv-2584-NLH-JS (D.N.J.), ECF No. 215.  Defendants accordingly withdraw their request for a stay pending a decision in *Mount Holly*.  For the reasons set forth herein, however, Defendants request a ruling on their alternative motion, for § 1292(b) certification, and for oral argument on that pending motion.

The settlement of *Mount Holly* reinforces the need for interlocutory review.  The Supreme Court has now twice granted certiorari to decide whether disparate impact claims are cognizable under the Fair Housing Act ("FHA").  Both times, private settlements have prevented the Court from reaching that question.  At a minimum, the two grants of certiorari on the issue demonstrate that the Supreme Court views as open the question whether the FHA admits of disparate impact claims.  It is entirely possible that in time the Supreme Court will rule that disparate impact liability is not appropriate under the statute.  In the § 1292(b) portion of our August 5 motion, we asked this Court to certify two questions fundamental to Plaintiffs' unprecedented and expansive disparate impact theory—a theory that would make a loan purchaser such as Morgan Stanley liable for a disparate impact in a direct lender's book of business, even when Morgan Stanley did not purchase a majority of the loans at issue.  *See* ECF No. 49, at 9, 14-20.  Because the Supreme Court will not address the broader question of disparate impact liability in the immediate future, the need for Second Circuit consideration of Plaintiffs' novel disparate impact theories is even more pressing.

Moreover, after more than three months of discovery, it is also clear that interlocutory review is urgently needed on another threshold legal question—the statute of limitations issue. *See* ECF No. 49, at 9-14.  As Defendants showed in their August 5 motion, this Court's decision that the FHA includes a discovery rule squarely conflicts with a number of decisions, including one by the *en banc* Ninth Circuit.  *See* ECF No. 49, at 2, 12 (citing *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) (en banc)).  Capitalizing on the passage of many years between the

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

The Honorable Harold Baer, Jr.
November 15, 2013
Page 2

events that allegedly give rise to Plaintiffs' claims and the filing of Plaintiffs' complaint, Plaintiffs have sought documents covering an extraordinarily long time period and relating to events occurring long ago, making discovery particularly burdensome. That burden has been exacerbated by the extraordinary breadth of Plaintiffs' disparate-impact theory, which turns on the notion that Defendants somehow, unintentionally caused discrimination by an independent third party. As a result, Defendants have already incurred discovery costs and fees in excess of $1 million in this case, and the fees and costs of completing pre-class certification non-expert discovery (scheduled to end on January 27, 2014) alone are expected to be of a similar magnitude. Litigation of class certification and preparation of associated expert reports, litigation of any summary judgment motions, and trial will add significantly to these costs.

For all of these reasons, Defendants respectfully submit that the Court and parties would benefit from interlocutory guidance from the Second Circuit on the pure questions of law on disparate impact liability and the statute of limitations in this case. If the Second Circuit agrees with the Ninth Circuit (and other courts) that the FHA's statute of limitations excludes a discovery rule, or agrees with Defendants that plaintiffs' liability theories are not consistent with the law and logic of disparate impact liability, then the case will be over and further burdens and expense of discovery and other litigation will be obviated. Of course, if the Second Circuit affirms your honor's rulings on these questions, then litigation can proceed with the benefit of whatever clarifications (and perhaps narrowing) the Court of Appeals may provide.

We believe that oral argument on Defendants' § 1292(b) certification motion may assist the court by allowing fuller development of these issues, and accordingly request such argument.

Respectfully submitted,

/s/ David W. Ogden_____
David W. Ogden

*Counsel for Defendants*

cc: Larry Schwartztol
    Rachel Geman