UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY ADKINS, CHARMAINE WILLIAMS, REBECCA PETTWAY, RUBBIE McCOY, WILLIAM YOUNG and MICHIGAN LEGAL SERVICES, on behalf of themselves and all others similar situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, MORGAN STANLEY ABS CAPITAL I INC., MORGAN STANLEY MORTGAGE CAPITAL INC., and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC,<br><br>Defendants. | INDEX NO. 12-CIV-7667<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFORM AND AMEND THE SCHEDULING ORDER PURSUANT TO THIS COURT'S DECEMBER 26, 2013 ORDER AND TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)** |

## I.   PRELIMINARY STATEMENT

Plaintiffs and the class they seek to represent are African-American homeowners in the Detroit region who allege discrimination by Morgan Stanley under the Fair Housing Act based on Morgan Stanley's conduct in orchestrating the origination of toxic, Combined-Risk Loans, and then purchasing and securitizing those same loans for economic benefit to itself.

On December 26, 2013, this Court entered the current Scheduling Order, while stating in the endorsement thereto that "we *will* have oral argument on class cert motion last week in August and fully briefed summary judgment motions (assuming certification) no later than October 15 and plan for trial in December." Dkt. 72 (emphasis added).[1]

---

[1] The Court went on to state that "this is all tentative . . . [l]et's plan on pre-trial conference either the day before or preferably directly following oral argument on class cert motion and see where we are." Dkt. 72. Plaintiffs respectfully submit that the language of the endorsement pre-supposes a class certification argument and pre-trial conference in August, 2014, which Plaintiffs propose here.  Further, an August hearing and conference would be
*Footnote continued on next page*

Particularly given the intensive discovery that has occurred following (and leading up to) the issuance of the Scheduling Order, Plaintiffs have had the opportunity to evaluate how best and most fairly to accommodate the Court's directives.  Plaintiffs now propose the following amendments to the Scheduling Order:  (a) an equitable shortening of the time for the parties to brief class certification, depose each other's experts in support of and opposition to class certification, and serve class-certification-related expert reports (in order to move the end of class certification briefing forward by approximately five weeks); (b) an acceleration of the summary judgment briefing conclusion date by approximately six weeks, to October 15, 2014; and (c) an acceleration of the trial date from March, 2015 to December, 2014.[2]  The specific proposed schedule is set forth below and in the [Proposed] Order filed herewith.

To accommodate the tightened schedule, Plaintiffs also propose adjusting the discovery schedule so that fact discovery will be completed in time for a summary judgment briefing in October, 2014.  The current schedule, which was based on the structure of the initial schedule, contains a discovery hiatus in which discovery halts on April 4, 2014 and resumes following the Court's order on class certification.[3]  However, this hiatus cannot realistically be included in a schedule with specified upcoming dates for post-class certification events.

---

*Footnote continued from previous page*
necessary to accommodate a potential October, 2014 summary judgment date and a December, 2014 trial date -- the only way the "tentative" schedule could potentially be formalized, as the Court suggested, is with an acceleration of the certification argument.

[2] Plaintiffs have met and conferred with Morgan Stanley and the parties have been unable to reach agreement.  Both parties have been aware since December 26, 2013 that this Court has ordered and/or anticipated revisiting the schedule.  On March 6, 2014, Plaintiffs presented their proposed schedule to effectuate the Court's directives to Morgan Stanley, seeking to meet and confer.  On March 11, in a telephonic meet and confer, Morgan Stanley rejected the proposal, stating it would only be willing to extend depositions by a few weeks, with no changes to certification, summary judgment, or trial dates (despite the Court's language). This motion followed.

[3] Class certification is not a ruling on the merits, and further merits-related discovery typically follows a ruling on class certification.  *See, e.g., Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013) (inappropriate at class certification to resolve common merits disputes).

This clarification and amendment is also warranted by the status of discovery. Significant discovery and depositions are ongoing. Among other relevant facts, Morgan Stanley has produced nearly 2.5 million pages of documents, more than 800,000 pages of documents *in the last two weeks alone*, and the parties are conferring over apparent deficiencies in Morgan Stanley's production. In order to accommodate a December trial, the parties must continue fact discovery in parallel with class certification and up through summary judgment briefing.

Further, the parties will benefit from the time to hone and possibly resolve their disputes, agree on tailored additional productions, and otherwise continue to prepare for a timely trial. The proposed discovery over the next few months is likely modest as compared to productions to date by both parties, and it will be focused on key issues that recently have emerged and been refined. Finally, the recent deposition testimony is illuminating additional areas of targeted follow-up discovery directed to central issues in the case.

For the above reasons and others, Plaintiffs submit that they have satisfied the "good cause" standard of Fed.R.Civ.P. 16(b)(4) for a modification of the Scheduling Order. They have acted diligently to work within the current schedule while also keeping in mind how best to effectuate the Court's directives. In addition, there is no prejudice to Morgan Stanley from these modifications, because Morgan Stanley been aware of the need for eventual clarification of the schedule since December, 2013.[4]

## II.     RELEVANT PROCEDURAL BACKGROUND

As the Court is aware, Plaintiffs filed their class action complaint on October 15, 2012, the Court granted in part and denied in part Morgan Stanley's motion to dismiss on July 25, 2013, and the Court denied Morgan Stanley's motion for a stay and for interlocutory review on

---

[4] In fact, it appears Morgan Stanley has been acting in conformity with an assumption that discovery must continue beyond April 4, as it is just now producing vast amounts of discovery, has just now produced a privilege log, and is still examining its data sources, among other things.

December 13, 2013.  Dkt. Nos. 1, 47, and 67.  The initial scheduling order was issued on Jan. 4, 2013, and was amended on December 26, 2013.  Dkt. Nos. 40 and 72, *see also* Dkt. 54.[5]

### A. The Current and Proposed Scheduling Order.

On December 26, 2013, the Court entered the current Scheduling Order, under which class certification would be fully briefed by September 11, 2014 and expert discovery in connection with class certification would be completed on that same date.  Dkt. 72.  The Order provided that the last day for briefing on summary judgment would be December 1, 2014, with at trial-ready date of March 23, 2014.  Dkt. 72.

Under that schedule, the last day to complete *pre-class certification*, non-expert discovery would be April 4, 2014, with a proviso that "within two weeks of the Court's decision on the motion for class certification, the parties will confer about the following issues: (a) any remaining necessary merits discovery, (2) any further expert discovery and deadlines for any such disclosure and discovery, and (3) procedures to govern the remainder of the matter."  Dkt. 72 (emphasis added).

However, in that same Order, the Court stated as follows with respect to the schedule:

> I've signed the Stipulation but to tighten the schedule for your benefit and mine *we will have oral argument on class cert motion last week in August and fully briefed summary judgment motions (assuming certification) no later than October 15 and plan for trial in December* – this is all tentative – unlike your schedule but this is or will be a 3 year old case under your schedule and that's not my choice – if it turns out I have a choice. Let's plan on pre-trial conference either the day before or preferably directly following oral argument on class cert motion and see where we are.

Dkt. 72 (emphasis added).[6]

---

[5] Certain scheduling inconsistencies in connection with the initial Scheduling Order were addressed in a Revised Scheduling Order entered on August 21, 2013 that did not materially change the ordering of events but instead listed more of the events by date certain rather than in relation to other, earlier events.

Following the issuance of this Order, Plaintiffs have worked diligently to comply with the deadlines while remaining aware that, to effectuate the Court's directives and plan for an August certification hearing, it would be appropriate to clarify and if necessary amend the schedule to conform with the Court's overall parameters.  By March 6, 2014, Plaintiffs were able to present their proposal for how to effectuate the Court's intentions to Morgan Stanley.  The dates Plaintiffs proposed to Morgan Stanley, and now present to this Court, are as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Last day to complete all discovery | April 4, 2014, with the parties conferring after class certification on further discovery | October 15, 2014 |
| Plaintiffs' motion for class certification and disclosure of expert witnesses due | May 13, 2014 | May 13, 2014 (Same) |
| Plaintiffs to make experts and declarants not previously identified as potential witnesses available for deposition | By June 4, 2014, provided that Defendants may elect to take any depositions through July 28, 2014 | By May 27, 2014, provided that Defendants may take depositions up to July 1, 2014 |
| Defendants' opposition to class certification and disclosures of expert witnesses due | July 28, 2014 | July 1, 2014 |
| Defendants to make experts and declarants not previously identified as potential witnesses available for deposition | By August 18, 2014, provided that Plaintiffs may elect to take any depositions through September 11, 2014 | By July 8, 2014, provided that Plaintiffs may take depositions up to August 5, 2014 |

---

*Footnote continued from previous page*
[6] Previously, this Court has also instructed the parties to bring the case "to trial month by November or December of 2014."  Dkt. 66 (rejecting earlier proposed scheduling order, resulting in ultimate issuance of current order).

1165088.2 -5-

| Event | Current Date | Proposed Date |
|---|---|---|
| Plaintiffs' reply in support of class certification due | September 11, 2014 | August 5, 2014 |
| Oral argument on class certification | To be determined by the Court | A date in August 2014, to be determined by the Court[7] |
| Conference among counsel regarding any necessary additional merits discovery and procedural steps[8] | Within two weeks of the date of any decision on class certification | Within two weeks of the date of any decision on class certification |
| Last day for briefing of summary judgment motions to be completed | December 1, 2014 | October 15, 2014 |
| Oral argument on dispositive motions | To be determined by the Court | To be determined by the Court |
| Trial-ready date | March 23, 2015 | December 1, 2014 |

The parties were unable to agree on this schedule, and this motion has followed.

**B.    Status of Discovery.**

In determining how best and most efficiently to reach a class certification hearing by August, the close of summary judgment briefing by October, and a December trial, the current status of discovery provides important context. It also demonstrates Plaintiffs' diligence, so that even if the Court is not yet prepared to make a final decision on trial date, it is appropriate to remove the discovery hiatus and continue discovery up until summary judgment briefing in the fall.

To date, Morgan Stanley has produced almost 2.5 million pages of documents, many of which were already gathered from other matters, and a third of which have been first produced in

---

[7] Plaintiffs understand the Court intends to hear class certification the last week in August.
[8] Within two weeks of the completion of the briefing on class certification, the parties will confer about the following issues: (1) any remaining necessary merits discovery, (2) the need for any further expert discovery and deadlines for any such disclosures and discovery, and (3) procedures to govern the matter after the Court issues a decision on the motion for class certification.

the last two weeks. The parties have had substantial meet and confers over the scope of production in certain areas. Plaintiffs have produced more than 23,000 pages of documents.

Deposition discovery is active and ongoing, with six days of depositions having already occurred, and at least 12-14 additional depositions scheduled or noticed for the coming few weeks. The testimony to date suggests that Morgan Stanley may need to designate witnesses with more knowledge about the required areas, and the parties are continuing to negotiate.

The parties also are negotiating over certain purported deficiencies in the production, some relating to what Plaintiffs consider key areas, and Plaintiffs also are digesting the partial privilege log that was first produced on March 11, 2014, after repeated requests. The parties are also negotiating over the scope of data, with Plaintiffs having confirmed through a witness on February 27, 2014, that additional data relating to the race of borrowers that may not have been produced in full is and has been in Morgan Stanley's possession.

Further, as the Court is aware, much relevant discovery in this matter is in the hands of a third party, the bankrupt predatory lender New Century. Accordingly, procuring the discovery of highly relevant material from the Bankruptcy Trustee (including data to cure deficiencies in Morgan Stanley's own data) has required its own separate and ongoing meet and confer process. The parties have negotiated for the production of more than 19,000 pages of materials and data from the Trustee.

Overall, while the Plaintiffs have been diligent, and both parties are working hard to prepare for certification, further time is appropriate to hone discovery, and there is no need under the anticipated schedule to have this additional work postponed until the fall.

### III. ARGUMENT

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "a schedule may be modified only for good cause and with the judge's consent." In evaluating good cause, courts in

the Second Circuit and elsewhere look to the diligence of the moving party and also to the prejudice, if any, to the defendants. *See, e.g., Johnson v. Bryson,* 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012); *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 92675, *8-10 (S.D.N.Y. June 29, 2012); *see also* Advisory Committee Notes to Rule 16 (1983 amendments) (*cited in* Federal Rules of Civil Procedure Handbook 2014 (21st Ed.)).

Here, Plaintiffs simply are seeking to conform the scheduling order to the Court's previous directives (especially the directive that "we will have oral argument on class cert motion last week in August…") and to make the necessary amendments within that shortened schedule to permit a December, 2014 trial of these claims.

In addition, even if the Court had not twice indicated its desire to revisit the scheduling order after the litigation had further progressed—or even if the Court is not prepared at this time to make a final determination of whether trial should occur in December, 2014 or March, 2015— good cause exists to eliminate the discovery hiatus and instead have discovery run to a date certain (which Plaintiffs propose to be October 15, 2014).

Given the scope and status of discovery and the Court's (and Plaintiffs') desired trial date, it is not practical, despite the Plaintiffs' diligence, to stop discovery on April 4 only to continue it after a ruling on class certification.[9]  As earlier described, discovery is ongoing, with massive recent productions remaining for Plaintiffs to review.  The recent productions (including over 800,000 pages of documents since March 1 in response to document requests served last August) and depositions have revealed what Plaintiffs believe to be deficiencies in response to previously-propounded discovery requests and deposition notices, and these deficiencies should be resolved in order to make the appropriate record.  Plaintiffs would be highly prejudiced if

---

[9] As the Court is aware, the original schedule, including this discovery hiatus, was part of a schedule in which the deadlines for all post-certification activity, including both post-certification discovery and the trial date, would first be ordered after class certification.

discovery halted on April 4 and Plaintiffs were unable to digest the documents, identify gaps, and pursue targeted follow-up discovery.

Finally, there is no prejudice to Morgan Stanley to take discovery that in all events would have occurred in the fall and move it to the present, and to plan for a possible December trial that this Court has identified as appropriate on two occasions.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court conform and amend the scheduling order for clarification and consistency with the prior Scheduling Order and in accordance with Fed.R.Civ.P. 16(b)(4), and issue the [Proposed] Order filed herewith.

Dated: March 13, 2014

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
212.355.9500

By: _____
Rachel Geman (RG 0998)

Elizabeth J. Cabraser
Michael W. Sobol
LIEFF CABRASER HEIMANN AND BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

1165088.2

-9-

Dennis D. Parker
Laurence M. Schwartztol
Rachel E. Goodman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2651

Stuart T. Rossman
Charles M. Delbaum
Arielle Cohen
THE NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02210
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Michael J. Steinberg
Kary L. Moss
AMERICAN CIVIL LIBERTIES UNION FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6814
Facsimile: (313) 578-6811

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2014, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York, via the ECF system.  Case participants who are registered ECF users will be served by the ECF system.

Dated: March 13, 2014

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
212.355.9500

By: */s/ Rachel Geman*
    Rachel Geman (RG 0998)

*Counsel for Plaintiffs and the Proposed Class*