UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY ADKINS, CHARMAINE WILLIAMS, REBECCA PETTWAY, RUBBIE McCOY, WILLIAM YOUNG, on behalf of themselves and all others similar situated, and MICHIGAN LEGAL SERVICES<br><br>Plaintiffs,<br><br>-against-<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, MORGAN STANLEY ABS CAPITAL I INC., MORGAN STANLEY MORTGAGE CAPITAL INC., and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC,<br><br>Defendants. | INDEX NO. 12-CIV-7667<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFORM AND AMEND THE SCHEDULING ORDER PURSUANT TO THIS COURT'S DECEMBER 26, 2013 ORDER AND TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)** |

**I.     PRELIMINARY STATEMENT**

When this Court entered the scheduling order currently governing this matter, it issued an endorsement stating that "we will . . . plan for trial in December." ECF No. 72. Nonetheless, Morgan Stanley's brief suggests that Plaintiffs invented out of whole cloth the impossible notion of shepherding this case toward a December trial. ECF No. 83. Similarly, the current schedule denominates April 4, 2014 as the close of "pre-class certification, non-expert discovery" and specifically contemplates the prospect of further merits discovery after a decision on the motion for class certification. ECF No. 72. Yet Morgan Stanley's brief insinuates that Plaintiffs have, out of the blue, sprung upon Morgan Stanley the unreasonable and heretofore uncontemplated idea that *any* additional discovery in this case might occur after April 4.

Plaintiffs' Motion to Conform and Amend the Scheduling Order ("Motion") reasonably requests that the Court allow discovery to continue uninterrupted—that is, by eliminating the

current discovery hiatus—so that the parties can be ready for trial in December (and for summary judgment briefing in October).  ECF No. 75.  Plaintiffs have diligently pursued discovery in this putative class action, but additional time for discovery is nonetheless necessary, in significant part because of Morgan Stanley's decision to provide long-requested documents and to schedule long-noticed depositions in the final month of the discovery period.  Plaintiffs now seek to complete discovery efficiently, and respectfully submit that the Court should grant the Motion, thereby allowing this case to be litigated on the Court's preferred timeline.

## II.     ARGUMENT

Plaintiffs have shown that amendment of the current scheduling order is necessary to effectuate this Court's intentions, as expressed in its endorsement to that order.  Moreover, Plaintiffs have demonstrated that good cause exists to amend the schedule, as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure

### A.      Plaintiffs' Motion Seeks to Carry Out the Instructions this Court Issued in its Endorsement to the Scheduling Order.

Plaintiffs take seriously the endorsement to this Court's December 26, 2014 Scheduling Order, which informs the parties that "we will have oral argument on class cert motion last week in August and fully briefed summary judgment motions (assuming certification) no later than October 15 and plan for trial in December."  ECF No. 72.  While the Court noted that this scheme was "tentative," it also made clear that this schedule was the Court's "choice."  *Id.*  In response, once this Court returned to chambers at the end of February, Plaintiffs submitted a concrete proposal to effectuate the Court's preference.  The proposed schedule would allow for oral argument on class certification in August, completion of summary judgment briefing on October 15, and trial in December, eliminating the discovery hiatus in order to make these deadlines possible.   Morgan Stanley suggests that the Court cannot possibly rule on class

certification, determine what notice to the class is appropriate, and provide an opt-out period within approximately two and a half months. Defs.' Mem. at 14, ECF No. 83. Plaintiffs would not presume that this Court is incapable of such efficiency. While Plaintiffs acknowledge that preparing this complex litigation for a trial in December will require hard work and efficiency from the parties, we are willing to rise to that challenge.[1]

In response to this Court's preference for a December trial, Morgan Stanley offers only a vague promise to "reassess whether an earlier trial is feasible" five months from now. *Id.* at 16. By that point, it may well be impossible to complete necessary discovery in time for a December trial, as Morgan Stanley likely understands. Morgan Stanley offers no serious counter-proposal that would allow the parties to achieve a December trial.

### B. Additional Discovery is Already Contemplated Here.

Morgan Stanley argues that Plaintiffs seek two "inconsistent modifications" to the extant scheduling order, because they have asked the Court both to eliminate the discovery hiatus and to hold trial in December. *Id.* at 8. However, the two issues are inextricably connected: the Court's own Order expressed the directive to plan for a December trial date, and thus, Plaintiffs actually seek a single modification—the removal of the discovery hiatus—to accomplish the Court's goal.

---

[1] Morgan Stanley asserts that Plaintiffs have crafted an inequitable modification to the class certification schedule because Plaintiffs have not moved forward the due date of their motion for class certification. However, the current schedule provides just thirty-nine days between the close of discovery and that date—it is hard to imagine how it could plausibly be moved any further forward. Plaintiffs' proposed schedule gives Defendants forty-nine days to respond. While that period overlaps with Defendants' opportunity to depose Plaintiffs' experts, Plaintiffs, too, will take at least two depositions during the weeks leading up to the filing of their class certification brief. (Both of these depositions were initially noticed for dates within the existing discovery period, but both were postponed due to factors outside Plaintiffs' control.) And, as Defendants concede, Plaintiffs have proposed a significant cut to the time during which Plaintiffs would prepare a reply brief and depose Defendants' experts. Thus, there is no inequity here.

Even this modification is far less dramatic than Morgan Stanley asserts. Morgan Stanley misleadingly characterizes Plaintiffs' request as seeking the right to obtain discovery not permitted under the current scheduling order. However, the current scheduling order explicitly contemplates additional discovery. The current phase of discovery is labeled "pre-class certification, non-expert discovery" and discussion of "remaining necessary merits discovery" is slated to be held after the Court issues a decision on the motion for class certification. ECF No. 72. The only dispute, then, is *when* this additional discovery should occur, not *if* it should occur.

Eliminating the discovery hiatus would allow the parties to conduct and schedule needed follow-up discovery sooner rather than later. Morgan Stanley's insistence upon postponing the consideration of any further discovery by several months would jeopardize the possibility of a December trial date and inevitably cause a chaotic and inefficient scramble for additional discovery as trial approaches.

**C.    Plaintiffs Have Demonstrated Good Cause for Modifying the Scheduling Order.**

There is ample good cause to modify the scheduling order. Indeed, good cause is self-evident because Plaintiffs' proposed schedule responds to the Court's directive to plan for summary judgment in October and trial in December. However, even were the Court's instructions absent, Plaintiffs still would have demonstrated that good cause exists, as they have acted diligently in seeking to complete discovery before April 4. *See Rent–A–Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003).

Morgan Stanley's characterization that Plaintiffs have been dilatory in their discovery efforts could not be further from the truth. Plaintiffs served all of their requests for the production of documents, save one, upon Morgan Stanley by July 9, 2013. *See* Defs.' Mem.

Exs. 3, 11.² Since then, the parties have met and conferred on discovery-related issues twelve times and sent forty-five letters concerning discovery, in addition to remaining in constant contact by e-mail and telephone. Through these communications, Plaintiffs have been able to press our discovery demands while reaching many compromises, thereby obviating the need for the Court's assistance until recently. *See* Ltr. Mot., ECF No. 81. Nonetheless, by February 7, 2014, seven months after Plaintiffs served their requests, Morgan Stanley had produced significantly less than half of what has turned out to be its total production in response to those requests. Approximately 1.5 million pages of documents were yet to come.³ With document production back-loaded in this manner, Morgan Stanley cannot be surprised to learn that Plaintiffs, despite acting with diligence, will need to complete follow-up discovery after April 4.

Similarly, Plaintiffs served Morgan Stanley with a notice of 30(6)(6) deposition on November 6, 2013, but Morgan Stanley did not even begin designating deponents in response to that notice until the end of January, 2014 (and they did not identify all of the witnesses they ultimately designated until February 11). This delay was especially surprising given that all of the witnesses Morgan Stanley eventually designated had testified on similar topics in other proceedings. Without knowing who would proffer 30(b)(6) testimony, Plaintiffs were unable to determine which individuals needed to be separately noticed for deposition. It is therefore particularly farfetched for Morgan Stanley to claim, as it does in its brief, that Plaintiffs have

---

² The sole follow-up request, for "[a]ll documents concerning or reflecting any contemplated acquisition of New Century by Morgan Stanley," was served on November 26, 2013. *See* Defs.' Mem. Ex. 8.

³ Plaintiffs' opening brief noted that Defendants had produced 800,000 pages of documents since March 1. That number has since risen to 979,000 pages.

been "deficient" in seeking to obtain deposition testimony.[4] Defs.' Mem. at 12. As a result of Morgan Stanley's delay, all deposition testimony in this matter was squeezed into the last six weeks of the discovery period, with key depositions occurring during the very last week of that period. This timing means that, if the current schedule were to remain in place, any follow-up discovery based on what Plaintiffs learn in those depositions (which are ongoing at the time of this filing) is effectively precluded, or delayed, until the Fall.[5]

Morgan Stanley's concern regarding the cost of responding to additional discovery cannot prevent the modification of the scheduling order for several reasons. *See* Defs.' Mem. at 3, 13. "[T]he expense of additional discovery, does not, standing alone, justify a denial of a motion to amend." *Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 2574742 (S.D.N.Y. June 29, 2012). Relatedly, further discovery is already contemplated under the current schedule, so the proposed modification would not result in any additional cost to Morgan Stanley.

Although the bulk of discovery in this case is complete, what remains is substantial and significant in its relevance to the case. Because Plaintiffs have been diligent in seeking to complete discovery before the current deadline, and because expeditiously conducting the

---

[4] Morgan Stanley also insinuates that Plaintiffs were dilatory in seeking discovery related to New Century. That could not be further from the truth. Plaintiffs served their first subpoena on the New Century bankruptcy trust, after extensive negotiation with the trustee, on April 10, 2013. The trust now has produced more than 19,000 pages of documents. To the extent that Morgan Stanley complains about the timing of Plaintiffs' deposition notices to former New Century employees, those complaints are once again unfair because Plaintiffs wished to depose the New Century employees with the benefit of documents produced by Morgan Stanley, which, as described above, were overwhelmingly produced at the tail end of the discovery period.

[5] In detailing purported failings vis-à-vis Plaintiffs' production of discovery from Plaintiff Michigan Legal Services ("MLS"), Morgan Stanley omits some crucial facts. MLS is a legal services organization with approximately five employees. At the time Plaintiffs sought to eliminate search terms to collect additional MLS documents, Plaintiffs had already produced 20,500 pages of discovery from MLS. The eliminated search terms would have required Plaintiffs to review an additional 23,083 MLS documents—not pages, but documents—for responsiveness and privilege, and to perform extensive redactions of attorney-client information. Instead, Plaintiffs proposed targeted search terms that yielded approximately 1,800 documents, with significantly closer relationships to the issues in this case. Responsive documents from that search will be produced by April 4.

additional discovery already contemplated by the scheduling order will most effectively allow the parties to meet this Court's preferred schedule, good cause exists to modify the schedule and to eliminate the discovery hiatus.

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to Conform and Amend the scheduling Order.

Dated: April 3, 2014                      Respectfully submitted,


By: _/s/ Rachel Goodman_____
     Rachel Goodman

Dennis D. Parker
Laurence M. Schwartztol
Rachel E. Goodman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2651

Elizabeth J. Cabraser
Michael W. Sobol
LIEFF CABRASER HEIMANN AND BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Stuart T. Rossman
Charles M. Delbaum
Arielle Cohen
THE NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02210
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Michael J. Steinberg
Kary L. Moss
AMERICAN CIVIL LIBERTIES UNION FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6814
Facsimile: (313) 578-6811

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2014, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York, via the CM/ECF system. Case participants who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: April 3, 2014

By: /s/ Rachel Goodman

Rachel E. Goodman

*Counsel for Plaintiffs and the Proposed Class*