**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

April 21, 2014

Rachel Geman
Partner
rgeman@lchb.com

**VIA ECF**

The Honorable Harold Baer, Jr.
United States Courthouse
500 Pearl Street, Chamber 2230
New York, NY 10007-1312

      RE:    *Adkins v. Morgan Stanley*
              No. 1:12-cv-7667

Dear Judge Baer:

      We represent Plaintiffs and the proposed class of African American homeowners in the above-referenced Fair Housing Act matter. Plaintiffs write to oppose Morgan Stanley's April 17, 2014 request for additional reconsideration of the scheduling order issued by this Court on April 10, 2014 ("Order"). Dkt. 89; *see also* Dkt. 94 (Morgan Stanley's letter).

      Morgan Stanley's letter amounts to a motion for reconsideration, and it has failed to justify such relief. *See New Jersey Carpenters Health Fund v. Residential Capital*, LLC, 288 F.R.D. 290, 295 (S.D.N.Y. 2013) (motions for reconsideration should be "sparingly" granted. (citing 11 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 2810.1 (3d ed.))) (Baer, J). This Court, after full briefing and careful consideration (including consideration of remaining discovery and the timing of the document productions), and in light of the Court's previous notice to the parties about the likely trial date, amended the schedule in response to Plaintiffs' Motion to Amend. Dkt. 72.

      The Order denied Plaintiffs certain of their requested relief – for example, setting a trial date later than Plaintiffs requested, and maintaining the discovery hiatus that Plaintiffs had sought to remove – but it did extend this phase of discovery (as well as other dates such as the class certification schedule) to accommodate the realistic needs of the case. The current schedule is a fair balance; whereas Morgan Stanley's requested schedule would prejudice Plaintiffs, as we and our experts have been operating in reasonable reliance on the Court-ordered deadlines.[1]

      Notwithstanding the above facts and background, upon issuance of the Order, Morgan Stanley asserted that the schedule was a mistake and sought clarification. Plaintiffs disagreed. Unsurprisingly, in response, the Court informed the parties that the Order was to

---

[1] Plaintiffs do not share Morgan Stanley's view that the minor apparent clerical error that put one date on a Sunday has any relevance. Whether Plaintiffs' motion for class certification is due on a Friday or a Monday, both parties have approximately equal time to respond to each other's respective motions and respond to each other's class-certification related experts.

The Honorable Harold Baer, Jr.
April 21, 2014
Page 2

stand. Morgan Stanley's April 17 letter followed. Morgan Stanley, which had full opportunity to set forth its view of the schedule in the Rule 16(b) briefing, is not entitled to yet another bite at the apple.

Plaintiffs respectfully submit that Morgan Stanley has shown no basis to revisit the schedule, and its own preference for a different schedule that at this point would prejudice Plaintiffs is not a basis to reconsider the Order.

Respectfully submitted,

Rachel Geman

RG:wp
cc: David W. Ogden, Esq.
    Noah Levine, Esq.

1171054.2