

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/14

**WILMERHALE**

David W. Ogden

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

April 17, 2014

Hon. Harold Baer, Jr.
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 2230
New York, NY 10007

Re:   *Adkins et al. v. Morgan Stanley et al.*, No. 1:12-cv-7667 (HB)

Your Honor:

We represent Defendants and write regarding the Court's April 10, 2014 amendments to the Scheduling Order. *See* Dkt. 89. We write respectfully to request that the Court modify its amendment of the deadline for Plaintiffs to file their motion for class certification and to disclose their expert witnesses, which is now set for a Sunday, June 8, 2014, and which (as we explain below) would leave Defendants with far less time than needed to meet their obligations. For the reasons set forth below, we request that the Court restore the original deadline of Monday, May 13, 2014.

Under the prior Scheduling Order, the deadline for Plaintiffs' motion for class certification and disclosure of expert witnesses was May 13, 2014. *See* Dkt. 72. In their motion to conform and amend the current Scheduling Order, Plaintiffs asked the Court to set an earlier trial date, extend the period for fact discovery and tighten the schedule for briefing class certification and conducting expert discovery. Importantly for present purposes, they did not request deferral of their May 13 deadline to file their class certification motion and make their supporting expert disclosures. *See* Dkt. 76, at 5. The Court's Order, however, postponed Plaintiffs' deadline to June 8, 2014, a Sunday, and almost a full month after Plaintiffs had suggested. *See* Dkt. 89. At the same time, the Court's Order accelerated the deadline for Defendants' opposition to class certification and disclosure of expert witnesses from July 28, 2014 to July 14, 2014. These changes have the effect of cutting Defendants' time by more than half. *See* Dkt. 72, 89. In light of this substantial cutting of Defendants' time, and the fact that Plaintiffs did not request an extension of the initial due date for class certification, Defendants thought the Court may in fact have intended to accelerate Plaintiffs' deadline by five days to Thursday, *May* 8, 2014 rather than to extend the date to Sunday, *June* 8, 2014. Such a five day acceleration would generally have been consistent with the modest shortening of other time periods in the Court's recent Order. No time periods other than the discovery period, and Plaintiffs' time for filing their motion for class certification were extended. No time periods other than Defendants' time for filing their class-certification opposition and conducting expert discovery were so radically curtailed. To the extent the June date reflects a clerical error, Defendants respectfully request that the Court modify the schedule accordingly.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Hon. Harold Baer, Jr.
Page 2

  Alternatively, Defendants respectfully request that the Court reconsider the amendment and restore the due date for Plaintiffs' class-certification motion and expert disclosures to May 13, 2014. A June 8, 2014 due date for the class-certification motion – combined with the acceleration of the date for Defendants to file their opposition – would cause severe prejudice to Defendants. Under the prior Scheduling Order to which the parties had stipulated, Defendants had 76 days between (a) the deadline for Plaintiffs to file their motion for class certification and to disclose their expert witnesses and (b) the deadline for Defendants to file their opposition to class certification and to disclose their expert witnesses. Under the amended Scheduling Order, however, Defendants would now have only 35 days between the deadlines (due to June 8 falling on a Sunday and the Plaintiffs' deadline thus shifting to Monday, June 9). Plaintiffs would thus have 27 *additional days* to file their motion for class certification and to disclose their expert witnesses, while Defendants would have 41 *fewer days* to respond to the motion and to prepare their expert reports. That outcome would be inequitable and highly prejudicial to Defendants. During that 35 day period, Defendants need to (a) depose the experts Plaintiffs disclose with their class certification motion, (b) prepare rebuttal expert reports, (c) prepare the opposition to class certification, and (d) under the amended order, answer continuing fact discovery for 22 of those 35 days. That time period is not adequate to accomplish these tasks. In contrast, restoration of the initial May 13, 2014 due date would not prejudice Plaintiffs, who did not request an extension of their due date and who did not indicate that the original due date was problematic.

  Should the Court grant Defendants' request for modification of the schedule, Defendants also request that the Court similarly restore the deadline for Plaintiffs to make their experts and declarants not previously identified as potential witnesses available for deposition to June 4, 2014, as this event is triggered by the deadline for Plaintiffs' disclosure of expert witnesses. *See* Dkt. 72. Plaintiffs had previously asked that the Court accelerate this deadline to May 27, 2014 and did not ask for a postponement. *See* Dkt. 76, at 5. Defendants would be content with either the May 27, 2014 or the June 4, 2014 date for this deadline.

  Finally, Defendants note that the Court amended the trial ready date to January 15, 2014. *See* Dkt. 89. Defendants suspect that the Court intended January 15, 2015.

  We appreciate the Court's consideration of this request. For the Court's convenience, we have enclosed a proposed order.

Respectfully submitted,

/s/ David W. Ogden

David W. Ogden

Enclosure

[Handwritten notations: "Denied – probably hours of arbitrary..." "SO ORDERED: David W. Ogden / Harold Baer, Jr., U.S.D.J. Date: 4/22/14"]

Endorsement:

      Denied - this letter probably cost several hours of time, I'd spend it on substance if I were you.