UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEVERLY ADKINS et al.,

                    Plaintiffs,

    -v.-

MORGAN STANLEY et al.,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/14

MEMORANDUM ORDER

12 Civ. 7667 (HB) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiffs seek to compel defendant Morgan Stanley to obtain certain deposition transcripts that were compiled by the Massachusetts Attorney General ("A.G.") in the course of an investigation of Morgan Stanley in 2009 and 2010.[1] Defendants oppose this request on several grounds: (1) the requested transcripts are not relevant to plaintiffs' claims; (2) Morgan Stanley does not have possession, custody, or control over the transcripts; and (3) the transcripts are privileged under a Massachusetts non-disclosure statute. For the following reasons, we reject defendants' arguments and grant the motion to compel.

Background

      This case is a class action suit brought on behalf of a group of African-Americans living in the Detroit, Michigan, metropolitan area. See Complaint, filed Oct. 15, 2012 (Docket # 1) ("Compl."). Plaintiffs have raised claims under the Fair Housing Act, the Equal Credit Opportunity Act, and Michigan state law, alleging that they have been injured as a result of defendant Morgan Stanley's discriminatory practices relating to mortgages. See id. ¶¶ 7-8. Specifically, plaintiffs contend that between 2004 and 2007 Morgan Stanley served as the "principal financer [sic]" of New Century Mortgage Company, which was "among the most notoriously predatory of the subprime lenders operating at that time." Id. ¶ 2. Plaintiffs argue

---

[1] See Plaintiffs' Letter Motion, filed Mar. 31, 2014 (Docket # 81) ("Pl. Mot."); Defendants' Opposition Letter, filed Apr. 3, 2014 (Docket # 86) ("Def. Opp."); Plaintiffs' Reply Letter, filed Apr. 15, 2014 (Docket # 92) ("Pl. Reply"); Defendants' Reply Letter, filed Apr. 18, 2014 (Docket # 95) ("Def. Reply"); Defendants' Oral Argument Letter, filed May 12, 2014 (Docket # 101); Plaintiffs' Oral Argument Letter, filed May 12, 2014 (Docket # 102); Plaintiffs' Supplemental Submission, filed May 15, 2014 (Docket # 107) ("Pl. Supp. Mem."); Defendants' Supplemental Submission, filed May 20, 2014 (Docket # 109) ("Def. Supp. Mem.").

1

that, at Morgan Stanley's direction, New Century targeted African-American communities in the Detroit area for the sale of "Combined-Risk Loans," which contained "certain dangerous characteristics" that "put borrowers on a path toward default and foreclosure." Id. ¶¶ 3-4.

Relevance

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of any non-privileged information "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The evidence "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Courts have recognized that "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (citations omitted). Thus, the Rule 26(b)(1) standard presents a "relatively low threshold" for a party to show that the material sought is relevant to any claim or defense in the litigation. In re Zyprexa Injunction, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007).

Where a party objects to a discovery request, the "objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" McKissick v. Three Deer Ass'n Ltd. P'ship, 265 F.R.D. 55, 56-57 (D. Conn. 2010) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (alteration in original)). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

Here, plaintiffs have made a sufficient showing that the deposition transcripts fit within Rule 26(b)(1)'s broad definition of relevance. Both this case and the Massachusetts A.G. investigation concerned Morgan Stanley's practices regarding the "financing, purchase, and securitization of allegedly unfair residential mortgage loans" from New Century. See In re: Morgan Stanley & Co. Inc., No. 10-2538, Assurance of Discontinuance, dated June 24, 2010 (annexed as Ex. A to Pl. Reply), at 1. Defendants' argument that the materials are not relevant because the Massachusetts A.G. was investigating harm only to Massachusetts borrowers is rejected inasmuch as defendants do not assert that their activities regarding the loans were confined to Massachusetts borrowers. See Def. Reply at 5-6. As noted by plaintiffs, "the gravamen of both this action and the Massachusetts investigation is that Morgan Stanley exercised its influence and control over New Century in a manner that resulted in the origination of predatory loans that harmed borrowers." Pl. Reply at 2-3. The relevance requirement is thus easily met. See generally Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co., 297 F.R.D. 99, 110-11 (S.D.N.Y. 2013) (scope of discoverable documents includes "investigations of broader practices or issues that are not explicitly tied to loans in this case but are nevertheless pertinent"); Leucadia, Inc. v. Reliance Ins. Co., 101 F.R.D. 674, 677 (S.D.N.Y. 1983) (document discoverable even though it did not "directly concern the transactions at issue in this case" on the ground that "it may be relevant to show the practice of plaintiff in other transactions and the

results of an earlier investigation").[2]

Defendants' Possession, Custody, or Control Over the Requested Documents

Defendants also assert that we should deny the motion to compel because Morgan Stanley does not have possession, custody, or control over the transcripts. See Def. Opp. at 2-3. Under Fed. R. Civ. P. 34(a)(1), a party is required to produce only those documents in its "possession, custody, or control." Thus, "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). "The concept of 'control' has been construed broadly," however. In re Flag Telecom Holdings, Ltd. Sec. Litig., 236 F.R.D. 177, 180 (S.D.N.Y. 2006). "Under this Rule, 'control' of documents does not require legal ownership or physical possession; all that is required is that the party have the right, authority, or practical ability to obtain the documents at issue." Gruss v. Zwirn, 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (citation and quotation marks omitted); see also Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd., 233 F.R.D. 338, 341 (S.D.N.Y. 2005) ("A party controls documents that it has the right, authority, or ability to obtain upon demand.") (citation omitted).

The issue of whether a party has the "practical ability" to obtain documents is necessarily a factual question. The statutory provision at issue here, Mass. Gen. Laws ch. 93A, § 6(6), states, "[a]ny documentary material or other information produced [in the course of an investigation by the attorney general] shall not, unless otherwise ordered by a court of the commonwealth for good cause shown, be disclosed to any person other than the authorized agent or representative of the attorney general, unless with the consent of the person producing the same . . ." Defendants make much of the fact that the statute is not framed as imposing an affirmative obligation on the Massachusetts A.G. to disclose documents where consent is given. See Def. Reply at 3. Indeed, the statute is framed as an injunction not to disclose unless consent is given. But the Court fails to see the importance of this distinction on the issue of whether Morgan Stanley has the "practical ability" to obtain the documents from the A.G. Not even Morgan Stanley has disputed plaintiffs' contention that the A.G. will provide the documents to Morgan Stanley once it requests them. See Pl. Mot. at 2.

Defendants instead have pointed to the fact that case law discussing the "practical ability" issue has typically involved documents in the possession of agents of the party from whom discovery is sought or, in some instances, entities with which it has a contractual

---

[2] Relatedly, defendants argue that because plaintiffs have access to most of the witnesses who were deposed during the Massachusetts investigation, plaintiffs have no need for the documents other than for purposes of impeachment and that impeachment evidence is not a proper subject of discovery. See Def. Supp. Mem. at 12-13. As is noted further below, however, the depositions were taken much closer in time to the events in question and thus it is reasonable to assume that the witnesses had better recollection of the relevant events at the time of the A.G.'s investigation. Consequently, the deposition transcripts would most likely contain more accurate and detailed testimony than that which could be obtained from the witnesses today.

3

relationship. See Def. Opp. at 3; Def. Reply at 3-4. But this is undoubtedly because in most situations outside of an agency or contractual relationship, the party in fact has no practical ability to obtain the documents. Here, by contrast, it is undisputed by the parties that Morgan Stanley can easily obtain the deposition transcripts simply by requesting them. Thus, because Morgan Stanley has the "practical ability to obtain" the transcripts, they are discoverable under Rule 34.[3]

Confidentiality of the Requested Transcripts

Defendants argue that the Massachusetts statute creates a "privilege" or "right of confidentiality" with regard to the documents and that the Court should respect this right. See Def. Opp. at 1-2; Def. Reply at 2-3. Defendants urge the Court to defer to this interest either by requiring that plaintiffs first make an application to the Massachusetts state court for the release of the materials or by balancing plaintiffs' need for the materials against the interests protected by the state privilege. See, e.g., Nimkoff v. Dollhausen, 262 F.R.D. 191, 194 (E.D.N.Y. 2009) (balancing the "important privacy interests" advanced by the state evidentiary privilege against the "need for the information, and lack of alternative means of obtaining it"). The cases relied on by defendants, however, involve state laws regarding grand jury testimony and other sensitive records in criminal proceedings. See, e.g., N.Y. Crim. Proc. Law § 190.25(4)(a); N.Y. Crim. Proc. Law § 160.50(1). The Massachusetts statute, however, is far different from state statutes that shroud grand jury proceedings and sealed arrest records in secrecy, accompanied in some instances by criminal penalties for a breach, see N.Y. Penal Law § 215.70. Rather, the Massachusetts statute gives the A.G. free rein to disclose such materials in any court filing. See Mass. Gen. Laws ch. 93A, § 6(6) (material produced in the investigation "may be disclosed by the attorney general in court pleadings or other papers filed in court"). Thus, we do not believe that the case law counseling special deference to state law privileges applies here.

In any event, even if we were to consider the parties' relevant interests in this case, we would find that the balance weighs in favor of disclosure. See generally United States v. One Parcel of Prop. Located at 31-33 York Street, Hartford, Conn., 930 F.2d 139, 141 (2d Cir. 1991) (state law privileges "are construed narrowly . . . and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact") (internal citations and punctuation omitted). Here, the state "privilege" — assuming arguendo there is one — is extremely weak since the materials may be disclosed freely by the A.G. in court. Moreover, defendants have provided no reason for us to believe that the transcripts contain the type of secret or personal information that is typically protected against disclosure. Additionally, the materials may be produced subject to a protective order. As for plaintiffs' need for the materials, it is not particularly strong given that they have access to these witnesses for depositions in the pending

---

[3] Defendants have asserted that, in the past, the Massachusetts A.G. has refused to produce copies of requested transcripts even with Morgan Stanley's consent. See Def. Supp. Mem. at 1. If the Massachusetts A.G. in fact refuses to produce the deposition transcripts at Morgan Stanley's request, defendants may bring this new circumstance to the attention of the Court.

federal case. But the testimony of witnesses in 2009 and 2010 will obviously be far more reliable than in depositions taken years later when memories naturally will have faded. And plaintiffs have pointed to a number of specific instances where witnesses already deposed could not recollect matters that may be material to this case. See Pl. Supp. Mem. at 6-12. On balance, the Court concludes that production should be ordered.

Conclusion

Plaintiffs' motion to compel defendants to produce the requested deposition transcripts (Docket # 81) is granted. Morgan Stanley shall take the steps necessary to obtain the materials forthwith.

SO ORDERED.

Dated: May 26, 2014
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge