**ACLU**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

LAURENCE M. SCHWARTZTOL
STAFF ATTORNEY
RACIAL JUSTICE PROGRAM
T/212.519.7849.
LSCHWARTZTOL@ACLU.ORG

June 17, 2014

**VIA ECF**

Hon. Valerie Caproni
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

Re:   *Adkins et al. v. Morgan Stanley et al.*, No. 1:12-cv-7667

Your Honor,

The parties in the above-referenced action write pursuant to your Order scheduling a status conference for June 19, 2014.

1. **Nature of the Case**

Plaintiffs filed this putative class action on October 15, 2012, alleging that Morgan Stanley's policies and practices for acquiring and securitizing residential mortgages discriminated against African Americans in the Detroit area, who were disproportionately likely as a result of Morgan Stanley's policies to receive predatory loans from the now-defunct subprime lender New Century. *See generally* Compl., ECF No. 1 (attached hereto as Ex. 1). The individual Named Plaintiffs are five African-American Detroit residents who received such loans and who seek to represent a class of similarly situated individuals in the Detroit region who received New Century loans between 2004 and 2007. Plaintiffs further allege that these policies harmed organizational Plaintiff Michigan Legal Services by causing it to divert scarce resources to dealing with the effects of increased foreclosures in Detroit caused by Morgan Stanley. Plaintiffs' claim that Morgan Stanley violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3605. They seek damages on behalf of the Named Plaintiffs and disgorgement on behalf of Michigan Legal Services and the Class.

Defendants contend that there is no support in the FHA, any case law, or the factual record for Plaintiffs' unprecedented theory of disparate impact liability, which attempts to hold Morgan Stanley liable for the alleged impacts of an independent third party's lending. Plaintiffs do not allege Morgan Stanley engaged in intentional discrimination. Defendants' principal defenses are: (1) Plaintiffs lack standing because, among other things, they

1

cannot show that they qualified for loans on better terms or that their injuries are fairly traceable to Morgan Stanley; (2) Plaintiffs' claims are time barred for the same reason Judge Baer correctly dismissed Plaintiffs' Equal Credit Opportunity Act and Michigan state-law claims; (3) Morgan Stanley cannot be held liable under the FHA for the alleged impacts of an independent third party's lending practices; and (4) Morgan Stanley is not liable under Plaintiffs' disparate impact theory for various reasons, including because there was no unlawful impact. Defendants additionally assert that Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with regard to class certification.

Plaintiffs state that resolution of the case will depend on the resolution of the following legal and factual issues: (1) whether African Americans in the Detroit area were disproportionately likely to receive certain highly risky loans from New Century; (2) whether Morgan Stanley's policies and practices caused that discriminatory effect; (3) whether the Morgan Stanley policies and practices causing the discriminatory effect can be justified by any business necessity; (4) whether, if such business necessity did exist, Morgan Stanley could have used a less discriminatory means to achieve the business objective; and (5) whether this matter should proceed as a class action.

Defendants state that the case will depend on resolution of the following issues: (1) whether Plaintiffs have standing; (2) whether Plaintiffs' claims are time-barred; (3) whether Morgan Stanley can be held liable under the Fair Housing Act for an independent party's lending decisions and practices; (4) whether Morgan Stanley is liable for a disparate impact, including whether there was any unlawful impact.

### 2. Subject Matter Jurisdiction and Venue

Plaintiffs state that this Court has subject matter jurisdiction over Plaintiffs' FHA claim pursuant to 28 U.S.C. § 1331, because it concerns a federal question, and pursuant to 42 U.S.C. § 3613(a)(1)(A), which confers subject matter jurisdiction over private actions seeking to enforce the FHA. Venue is proper in this district under 28 U.S.C. § 1391 because Morgan Stanley conducts business and can be found in this district, and because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district. Defendants do not contest that this is a federal question case, but contend that Plaintiffs lack Article III standing.

### 3. Motion Practice

Motions that Have Been Made and Decided:

*Motion to Dismiss.* On December 21, 2012, Defendants filed their Motion to Dismiss, arguing that the statute of limitations barred Plaintiffs' claims; that Morgan Stanley could not be held liable for New Century's lending; that the complaint failed to state a valid disparate impact claim; that Plaintiffs lacked standing; and that Plaintiffs were not entitled to injunctive or declaratory relief. ECF No. 37. On July 25, 2013, Judge Baer denied the motion insofar as it sought dismissal of Plaintiffs FHA claim and granted it to the extent that it dismissed, on statute-of-limitations grounds, Plaintiffs' claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a) and Michigan's Eliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2504, and insofar as Plaintiffs sought prospective injunctive relief. ECF No. 47.

*Motion to Stay or to Certify an Appeal.* On August 5, 2013, Defendants moved for a stay pending the Supreme Court's decision in *Mt. Holly Gardens v. Mt. Holly Gardens Citizens in Action, Inc.* ECF No. 49. In the alternative, Defendants sought certification of an interlocutory appeal of Judge Baer's decision on the motion to dismiss, pursuant to 28 U.S.C. § 1292(b). Defendants withdrew the *Mt. Holly* application as moot when that case settled, ECF No. 63, and Judge Baer denied Defendants' motion to certify an interlocutory appeal, ECF No. 67.

*Motion to Compel Production of Massachusetts Attorney General Testimony.* On March 31, 2014, Plaintiffs requested a pre-motion conference, pursuant to Local Rule 37.2. ECF No. 81. At issue were transcripts of ten depositions of current and former Morgan Stanley employees taken by the Massachusetts Attorney General ("MAAG") during the course of a 2009-2010 market-wide investigation, which included an investigation into Morgan Stanley's financing, purchase, and securitization of allegedly unfair residential mortgage loans from late 2005 through the first half of 2007 in connection with Massachusetts borrowers. Judge Baer referred the matter to Magistrate Judge Gorenstein. ECF No. 84. After three rounds of additional written submissions and oral argument, Judge Gorenstein granted Plaintiffs' motion to compel on May 27, 2014. ECF No. 112. Defendants have filed objections to Judge Gorenstein's order.

*Motions to Amend Scheduling Order.* On August 21, 2013 (ECF No. 54), December 26, 2013 (ECF No. 72), and April 11, 2014 (ECF No. 89) (attached hereto as Ex. 2), Judge Baer entered orders revising the governing scheduling order, after motions or stipulations by the parties. After a joint request from the parties to stay the class certification briefing deadlines pending reassignment of this case, ECF No. 113, Judge Preska extended the deadline until June 20, 2014, "without prejudice to application to the transferee judge," ECF No. 114, and Your Honor subsequently extended that deadline until June 27, 2014, ECF No. 118.

Pending Motions:

*Objection to Magistrate's Order.* On June 13, 2015, Defendants filed their Objection to Judge Gorenstein's Order compelling production of depositions transcripts generated in the MAAG investigation. ECF No. 117. Plaintiffs intend to respond to that Objection.

Motions Intended to Be Filed:

*Motion for Class Certification.* Plaintiffs intend to seek certification of a class of all African Americans in the Detroit region who received loans with certain combinations of high-risk features from New Century during the years 2004-2007. Plaintiffs will argue that the class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). As noted above, Defendants will argue that Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with regard to class certification, including because, among other things, Plaintiffs cannot show commonality or predominance.

*Motion to Unseal Documents.* Plaintiffs will file one or more motions seeking to unseal documents that have been or will be filed under seal because they have been marked as "confidential" pursuant to a stipulated Protective Order, ECF No. 44. Pursuant to that Protective

Order, both parties filed documents under seal during the course of briefing the MAAG issue, and they expect to file documents under seal in connection with the motion for class certification. Plaintiffs will argue that Defendants have designated all documents produced in discovery as "confidential," even though most or all of those documents would not meet the standard for maintaining a document under seal under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and other case law. Pursuant to the Protective Order, a motion to unseal the documents related to the MAAG briefing would be due on June 18, 2014. (Plaintiffs sought Defendants' consent to extend that deadline by one week, so that a briefing schedule addressing all unsealing issues may be determined at the case management conference, but Defendants would not consent.) Whether or not Plaintiffs file a motion regarding the MAAG briefing, Plaintiffs expect to file a motion to unseal documents relating to the class certification motion. Defendants' position is that the documents filed with the MAAG briefing were properly ordered sealed because, among several reasons, caselaw in the Second Circuit recognizes that documents filed in connection with discovery disputes are not subject to a public right of access.

*Summary Judgment*: Defendants currently expect to file a motion for summary judgment as to the Named Plaintiffs and MLS's claims based on, among other things, Named Plaintiffs and MLS's failure to adduce any evidence to support FHA liability as to Morgan Stanley. Defendants do not believe class certification is warranted here and that the Named Plaintiffs, including the institutional Named Plaintiff, have no basis to proceed based on facts particular to themselves. Thus, Defendants currently expect to seek summary judgment only as to the Named Plaintiffs and, if any claims were to survive that motion and a class were certified, would then seek leave to file a motion for summary judgment as to any class claims at that point. Plaintiffs state that Defendants lack any basis for summary judgment. Additionally, Plaintiffs oppose any provision for scheduling summary judgment briefing before the Court resolves the motion for class certification. All prior case management schedules have provided for summary judgment briefing follow the resolution of the motion for class certification, and Plaintiffs believe that it is highly inefficient to plan for potentially two rounds of summary judgment litigation.

Other Applications to be Made at the Status Conference:

*Modification of Scheduling Order and Briefing Page Limits.* The parties will seek modification of the schedule for class certification briefing and expert discovery. *See infra*, Section 6. The parties also expect to request at the case management conference an appropriate enlargement of the page limits for their class certification and any summary judgment briefs. Plaintiffs also plan to seek a minor modification of the briefing schedule regarding Defendants' objection to Magistrate Judge Gorenstein's Order.

4. **Discovery**

Since the Court ruled on the motion to dismiss on July 25, 2013, ECF. No. 47, Defendants have produced upwards of 2.6 million pages of documents and loan-level data, and Plaintiffs have produced more than 43,000 pages. The parties have additionally secured extensive discovery from the New Century Bankruptcy Trust. Further, the parties have collectively taken nineteen days of deposition testimony, including from former New Century employees. Finally, the parties have exchanged several rounds of written discovery in the form of interrogatories and, from Defendants,

requests for admission. Judge Baer ordered that all fact discovery will close on June 30, 2014. ECF No. 89. Should this Court certify the Plaintiff class, the parties will meet and confer to discuss whether there is any need for additional post-certification discovery.

At present, the parties continue to meet and confer in an effort to resolve several disputes concerning discovery requests that have already been served. Though none of those disputes have ripened to the point of requiring court intervention, it is possible that the parties may engage in additional motion-to-compel litigation. With respect to additional contemplated discovery, the parties intend to take two additional deposition of former New Century employees, currently scheduled for June 19 and June 30. Plaintiffs may subpoena a small number of additional third party depositions or serve additional requests for documents or written discovery. Plaintiffs will seek at the hearing to extend the discovery deadline until July 30. Defendants believe the parties have had ample time to conduct fact discovery and strongly oppose any discovery extension.

### 5. Procedural Posture

Litigation of Plaintiffs' imminent motion for class certification is the next major step in this case. As noted, the parties seek to discuss with the Court at this conference a reasonable expansion of the class certification and associated expert discovery dates. The parties agree that the current time allotted for those matters is not sufficient. The parties propose that the following deadlines be modified as stated, consistent with the parties original agreement in this case:

- Plaintiffs' motion for class certification and disclosure of expert witnesses – June 27, 2014;

- Plaintiffs to make experts and declarants not previously identified as potential witnesses available for deposition – July 18, 2014;

- Defendants' opposition to class certification and disclosure of expert witnesses – September 11, 2014;

- Defendants to make experts and declarants not previously identified as potential witnesses available for deposition – October 1, 2014;

- Plaintiffs' reply in support of class certification – Plaintiffs' proposal: November 26, 2014; Defendants' proposal: November 10, 2014

### 6. Settlement Discussions

The parties held settlement discussions as recently as May, but were not successful. Plaintiffs are amenable to holding a settlement conference. Defendants do not believe that settlement discussions would be fruitful at this time.

We thank you for your consideration of these matters and look forward to discussing them further at the upcoming status conference.

Sincerely,

/s/ Laurence Schwartztol  
Laurence Schwartztol  
*Counsel for Plaintiffs*

/s/ Noah A. Levine  
Noah A. Levine  
*Counsel for Defendants*