**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BEVERLY ADKINS, CHARMAINE WILLIAMS, REBECCA PETTWAY, RUBBIE McCOY, WILLIAM YOUNG, on behalf of themselves and all others similar situated, and MICHIGAN LEGAL SERVICES<br><br>    Plaintiffs,<br><br>    -against-<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, MORGAN STANLEY ABS CAPITAL I INC., MORGAN STANLEY MORTGAGE CAPITAL INC., and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC,<br><br>    Defendants. | NO.  12-CIV-7667-VEC-GWG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE GORENSTEIN'S MAY 27, 2014 ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................1

LEGAL STANDARD.......................................................................................................4

ARGUMENT ....................................................................................................................5

I.  Judge Gorenstein Was Correct to Hold that Morgan Stanley Has Control Over the
Transcripts at Issue .................................................................................................5

II.  Judge Gorenstein Was Correct to Hold that Comity Concerns Do Not Require the
Withholding of Relevant Discovery Materials .......................................................8

    a.  The Massachusetts Statute Provides No Confidentiality Right .................................8

    b.  Judge Gorenstein Correctly Balanced the Interests at Issue. ...................................11

    c.  Any Confidentiality Right That Might Exist Has Been Waived. ............................14

CONCLUSION.................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d. 260 (S.D.N.Y. 2013) ........................ 4, 5

*Attorney Gen. v. Bodimetric Profiles,* 533 N.E.2d 1364 (1989) ................................................ 9

*Cahaly v. LaRosa,*
No. 6:13-CV-00775-JMC, 2014 WL 2592555 (D.S.C. June 10, 2014) ................................ 13

*Case of Gateley*, 613 N.E.2d 918 (Mass. 1993) ....................................................................... 13

*Commodity Futures Trading Com'n v. Standard Forex, Inc.*,
882 F. Supp. 40 (E.D.N.Y. 1995) ............................................................................................. 5

*Com-Tech Associates v. Computer Associates Int'l, Inc.*,
753 F. Supp. 1078 (E.D.N.Y. 1990) ......................................................................................... 5

*Elec. Data Sys. Corp. v. Attorney Gen.*, 907 N.E.2d 635 (Mass. 2009) ................................. 13

*Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*,
233 F.R.D. 338 (S.D.N.Y. 2005) .............................................................................................. 7

*Gruss v. Zwirn*, 296 F.R.D. 224 (S.D.N.Y. 2013) ..................................................................... 6

*Herbst v. Able*, 63 F.R.D. 135 (S.D.N.Y. 1972) ........................................................................ 7

*Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ............... 5

*Illinois v. Abbott & Assoc., Inc.*, 460 U.S. 557 (1983) ...................................................... 9, 10

*In re Air Passenger Computer Reservation Sys. Antitrust Litig.*,
116 F.R.D. 390 (C.D. Cal. 1986) ............................................................................................ 11

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
846 F. Supp. 2d 1335 (N.D. Ga. 2012) ................................................................................... 11

*In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 556 (N.D. Ga. 1992) ................. 10, 11

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177 (S.D.N.Y. 2006) .................... 6

*In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24 (2d Cir. 1981) ................. 9, 10

*In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y. 1996) .................... 11

*In re NASDAQ Mkt.-Makers Antitrust Litig*., 929 F. Supp. 723 (S.D.N.Y. 1996) ................ 11

*Khaldei v. Kaspiev*, 961 F. Supp. 2d 572 (S.D.N.Y. 2013) ................................................ 1, 4

*Komlosi v. New York State Office of Mental Retardation & Dev. Disabilities*,
No. 88 Civ. 1792, 1992 WL 77544 (S.D.N.Y. Apr. 3, 1992) ................................................ 8

*Lolonga-Gedeon v. Child & Family Servs.*,
No. 08-CV-00300A F, 2012 WL 1714914 (W.D.N.Y. May 15, 2012) ................................ 12

*MacNamara v. City of New York*, 249 F.R.D. 70 (S.D.N.Y. 2008) ........................................ 4

*Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201 (E.D.N.Y. 2010) ..................... 5

*Mun. Ass'n of S.C. v. Omaha Prop. & Cas. Ins. Co.*,
No. 3:06-467-MJP, 2007 WL 7945179 (D.S.C. Apr. 9, 2007) ............................................ 13

*Pippins v. KPMG LLP*, 279 F.R.D. 245 (S.D.N.Y. 2012) ...................................................... 4

*PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010) ................................................ 5

*Progress Bulk Carriers v. Amer. Steamship Owners Mut.l Prot. and Indemnity*,
No. 12 Civ. 264, 2014 WL 896739 (S.D.N.Y. Feb. 21, 2014) .............................................. 4

*Rodriguez v. Pataki*, 293 F. Supp. 2d 302 (S.D.N.Y. 2003) .................................................. 5

*Smith v. Winter Place LLC*, 851 N.E.2d 417 (Mass. 2006) .................................................. 13

*Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL 229887 (S.D.N.Y. May 6, 1996) .............. 4

*United States v. King*, 73 F.R.D. 103 (E.D.N.Y. 1976) ........................................................ 12

*Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*,
2010 WL 4514287 (D. Conn. Nov. 2, 2010) .......................................................................... 5

**Statutes**

15 U.S.C. § 1313(c)(3).............................................................................................................. 9

Mass. Gen. Laws ch. 93A §6(6) ............................................................................................. 8

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) ................................................................................................. 7

Fed. R. Civ. P. 34(a)(1)............................................................................................................ 2

Fed. R. Civ. P. 72(a) ................................................................................................................4,7

**Other Authorities**

122 Cong. Rec. 29341 (1976) ...................................................................................... 10

8B Wright & Miller  Fed. Prac. & Proc. Civ. § 2210 (3d ed.).................................................. 5

Assurance of Discontinuance, *In re Morgan Stanley & Co., Inc.*,
Civ. A. No. 10-2538 (Mass. Super. Ct. June 24, 2010) ........................................................... 2

H.R. Rep. No. 1343, 94th Cong., 2d Sess. (1976), reprinted in (1976) ................................ 10

U.S.C.C.A.N. 2602; S. Rep. No. 803, 94th Cong., 2d Sess. 204 (1976) ................................ 10

## PRELIMINARY STATEMENT

Plaintiffs have moved this Court for an order compelling Defendant Morgan Stanley to provide its consent to the disclosure of certain deposition transcripts currently in the possession of the Massachusetts Attorney General ("MAAG").  As all parties acknowledge, the MAAG has represented that it will produce the transcripts upon receiving that consent.  After oral argument and four rounds of letter briefing on this dispute, Magistrate Judge Gorenstein ruled in Plaintiffs' favor.  ECF No. 112 ("Order").  Morgan Stanley filed its Objection to the Order on June 13, 2014.  ECF No. 117 ("Objection").  In twenty-five additional pages of briefing, Morgan Stanley contends that Judge Gorenstein's careful application of Rule 34 resulted in a "radical[]" order, *id.* at 2, that would upend the discovery process as we know it.  In urging this conclusion, Morgan Stanley relies chiefly on a privilege argument that it previously waived when it agreed to produce deposition transcripts from "any public governmental investigations."  Moreover, it primarily supports that argument with two cases analyzing a federal statute, although those decisions were based on specific legislative history that has no bearing on the Massachusetts statute at issue here.  Morgan Stanley contends that these cases render Judge Gorenstein's decision clearly erroneous or contrary to law, but it cannot carry the "heavy burden" required of a party seeking to have a Magistrate Judge's discovery ruling overturned by a District Judge. *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).  Accordingly, this Court should adopt Judge Gorenstein's well-considered Order in full.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2013, Plaintiffs served Morgan Stanley with their Second Request for the Production of Documents.  Among other things, Plaintiffs sought all documents produced during

1

the course of governmental investigations into Morgan Stanley's relationship with New Century, including investigations conducted by state attorneys general. The parties met and conferred and reached a compromise: Morgan Stanley agreed to produce deposition transcripts and associated exhibits generated during the course of "any public governmental investigations" from 18 current and former Morgan Stanley employees. Ltr. from Noah Levine to Larry Schwartztol, Nov. 1, 2013, ECF No. 107-1, at 3. The MAAG investigation had been made public via the filing of an Assurance of Discontinuance, *In re Morgan Stanley & Co., Inc.*, Civ. A. No. 10-2538 (Mass. Super. Ct. June 24, 2010), and Morgan Stanley was indisputably on notice of Plaintiffs' particular interest in the MAAG investigation, as Plaintiffs had cited the Assurance of Discontinuance several times in their Complaint. *See* Complaint, ¶¶ 48, 52, 62, ECF No. 1.

Several months later, having received other documents related to public governmental investigations but nothing from the MAAG investigation, Plaintiffs inquired about the MAAG documents. Morgan Stanley refused to produce them, claiming, among other things, that the transcripts were not in Morgan Stanley's "possession, custody, or control" for purposes of Rule 34. Fed. R. Civ. P. 34(a)(1). The MAAG had taken these depositions pursuant to Chapter 93A, § 6(1) of the Massachusetts General Law, and §6(6) of that Chapter (the "Massachusetts statute") provides that the MAAG may disclose the transcripts "with the consent of the person producing the same." Although the MAAG provided the parties with assurances that the MAAG would release the transcripts if Morgan Stanley consented to that release, Morgan Stanley continued to maintain that it did not have control over them.

In response, Plaintiffs filed a pre-motion letter in accordance with Local Civil Rule 37.2, notifying Judge Baer that they intended to move to compel Morgan Stanley to consent to the MAAG's disclosure of the transcripts, ECF No. 81, and Morgan Stanley responded, ECF No. 86.

Judge Baer referred the matter to Magistrate Judge Gorenstein.  ECF No. 84.  When asked by Judge Gorenstein if they desired additional briefing on the matter, the parties agreed that each would submit one additional three-page letter.  ECF No. 87.  Judge Gorenstein rejected the limitation on pages, however, stating in his endorsement that "it is critical that *all* relevant arguments be contained in the parties' written submissions."  ECF No. 88 (emphasis added).  After receiving the parties' full statements of the issues, ECF Nos. 92, 95, Judge Gorenstein scheduled oral argument on the matter, ECF Nos. 97, 99.

Judge Gorenstein subsequently drew the parties' attention to three cases that they should be prepared to discuss at argument and invited them to file a letter addressing these cases.  ECF No. 100.  Plaintiffs filed a brief responsive letter, ECF No. 102; Morgan Stanley filed an additional five pages of argument, ECF No. 101.  As Judge Gorenstein noted at oral argument, Morgan Stanley's letter contained "new material" that Plaintiffs had only a few hours to examine, and, as such, had gone "well beyond [his] order in their letter today."  Tr. of May 12, 2014 Oral Arg. ("Tr.") at 3:1-5 (relevant excerpts attached as Exhibit A).  He considered striking Morgan Stanley's letter, but opted to consider it in order to decide the motion "based upon a proper record."  *Id.* at 3:10-11.  To make even more certain that he had all the information he needed to make a decision, Judge Gorenstein sought one final submission from the parties, in which, among other things, Plaintiffs could address Morgan Stanley's "new arguments."  *Id.* at 47:4-11; 48:5-17.  In response, both parties filed letters.  ECF Nos. 107, 109.

Thus, when Judge Gorenstein issued his Order, ECF No. 112, he had before him four separate written submissions from each party as well as the arguments each had made orally.  Judge Gorenstein found that, for purposes of Rule 34, Morgan Stanley had control over the transcripts as a result of its practical ability to obtain them, *id.* at 3-4, and that, if any state law

privilege applied, that privilege was "extremely weak," *id.* at 4.  He thus ordered Morgan Stanley

to obtain and produce the materials "forthwith."  *Id.* at 5.

Defendants filed their lengthy Objection seventeen days later, on June 13, 2014, ECF No.

117.  Because Plaintiffs believe that this Court should adopt Judge Gorenstein's Order in full,

they now timely submit this Response.  *See* ECF No. 120.


## **LEGAL STANDARD**

On a nondispositive matter such as this one,[1] a District Judge must modify or set aside

any part of a Magistrate Judge's order "that is clearly erroneous or is contrary to law."  Fed R.

Civ. P. 72(a).   A court may find clear error if the court "on the entire evidence is left with the

definite and firm conviction that a mistake has been committed."  *Pippins v. KPMG LLP*, 279

F.R.D. 245, 253 (S.D.N.Y. 2012) (citing *Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL

229887, at *1 (S.D.N.Y. May 6, 1996)).  An order is contrary to law if "'it fails to apply or

misapplies relevant statutes, case law or rules of procedure.'"  *Khaldei v. Kaspiev*, 961 F. Supp.

2d 572, 575 (S.D.N.Y. 2013) (quoting *MacNamara v. City of New York*, 249 F.R.D. 70, 77

(S.D.N.Y. 2008)).

This is "a highly deferential standard, and the objector thus carries a heavy burden."  *Id.*

at 575 (citations omitted); *see also Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d. 260, 263

(S.D.N.Y. 2013) (party seeking to overturn magistrate's 72(a) decision bears 'heavy burden')

(citation omitted); *Pippins*, 279 F.R.D. at 253 (decision of a magistrate with respect to a

discovery dispute "deserves substantial deference").  "Given such a highly deferential standard

of review, magistrate judges are afforded broad discretion and 'reversal is appropriate only if that

---

[1] Discovery disputes are "quintessential" nondispositive matters.  *Progress Bulk Carriers v. Amer. Steamship Owners Mut.l Prot. and Indemnity*, No. 12 Civ. 264, 2014 WL 896739, at *2 (S.D.N.Y. Feb. 21, 2014).

discretion is abused.'"  *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177-78

(S.D.N.Y. 2008) (quoting *Commodity Futures Trading Com'n v. Standard Forex, Inc.*, 882 F.

Supp. 40, 42 (E.D.N.Y. 1995)); *see also Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d

201, 203 (E.D.N.Y. 2010) (standard is 'highly deferential' and 'only permits reversal where the

magistrate abused his discretion') (citation omitted).  Further, "'[t]hat reasonable minds may

differ on the wisdom of granting a party's motion is not sufficient to overturn a magistrate

judge's decision.'"  *Anwar*, 2013 WL 6043928, at *1 (citation and internal alteration marks

omitted).[2]

The Rule 72(a) standard is thus, "a lesser standard of review than when the Court is asked

to review a dispositive motion subject to *de novo* review" under Rule 72(b).  *Com-Tech*

*Associates v. Computer Associates Int'l, Inc*., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) aff'd,

938 F.2d 1574 (2d Cir. 1991).


## **ARGUMENT**

### I.  **Judge Gorenstein Was Correct to Hold that Morgan Stanley Has Control Over the Transcripts at Issue.**

Judge Gorenstein's holding that Morgan Stanley has "control" over the transcripts for

purposes of Rule 34 should not be disturbed.  Order at 3-4.  In this District, "[t]he concept of

---

[2] Although these and other recent decisions in this District make clear that review under the "contrary to law" prong of Rule 72(a) is highly deferential, Defendants rely on several stray cases to insist that de novo review is appropriate here.  *See* Objection at 8 (citing *PowerShare, Inc. v. Syntel, Inc*., 597 F.3d 10, 15 (1st Cir. 2010) (out-of-circuit case employing de novo review for "pure question of law"); *Wakefern Food Corp. v. Prospect Plaza Improvements, LLC,* 2010 WL 4514287, at *2 n.2 (D. Conn. Nov. 2, 2010) (unreported decision relying upon *PowerShare Inc.* to apply de novo review); *Rodriguez v. Pataki*, 293 F. Supp. 2d 302, 304 (S.D.N.Y. 2003) (applying de novo standard of review without discussion, citing case that also does not discuss application of de novo review).  Even if the First Circuit notion that de novo review is appropriate where a Magistrate's decision "turns on a *pure* question of law," *PowerShare, Inc.*, 597 F.3d at 15 (emphasis added), were the law in this District, which it emphatically is not, that standard would not apply here.  As Judge Gorenstein noted, whether a party has the "practical ability" to obtain documents is inherently a factual question, Order at 3, as are questions concerning the relevance of the transcripts and Plaintiffs' need to obtain them.  *See* 8B Wright & Miller  Fed. Prac. & Proc. Civ. § 2210 (3d ed.) (question of "control" is "often highly fact–specific").

'control' has been construed broadly." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (citation omitted).  As the Order noted, under Rule 34, "control of documents does not require legal ownership or physical possession; all that is required is that the party have the right, authority, or practical ability to obtain the documents at issue." *Id.* at 3 (citing *Gruss v. Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013)).  There can be no question that Morgan Stanley has the "practical ability" to obtain the documents, as the Deputy Attorney General of Massachusetts has represented that the MAAG would give Morgan Stanley the documents if Morgan Stanley provided its consent.  *See* ECF Nos. 81, 92.[3]  In finding that Morgan Stanley has the requisite practical ability, Judge Gorenstein dismissed Morgan Stanley's argument that "practical ability" to obtain the documents exists *only* in agency or contractual relationships.  *Id.* at 3-4.  To the extent that the cases Morgan Stanley cited found practical ability to exist in the context of such relationships, Judge Gorenstein noted, that is "undoubtedly" because in most other situations, "the party in fact has no practical ability to obtain the documents." *Id.* at 4.  Morgan Stanley's argument attempts to transform illustrative examples into categorical requirements.  *See* ECF No. 92, at 4 n.4.

In its Objection, Morgan Stanley reprises this same argument at great length.  Objection at 19-25; *see also* ECF No. 86, at 3; ECF No. 95, at 3-4; Tr. at 33:20-34:15.  In so doing, Morgan Stanley presents no statute or case law that supports its contention that Judge Gorenstein's holding is "clearly erroneous" or "contrary to law."  Fed R. Civ. P. 72(a).  Instead, Morgan Stanley contends that it is "not aware of any case in which a court has deemed a party to have the 'practical ability' to control material in an unrelated governmental entity's possession."

---

[3] Plaintiffs continue to believe that Morgan Stanley also has control over the documents by virtue of its "legal right" to obtain them.  *See* ECF No. 92, at 3-4; ECF No. 102, at 1-2.  Having found control as a result of Morgan Stanley's "practical ability" to obtain the documents, Judge Gorenstein did not speak to that issue, and Plaintiffs therefore do not address it further here.  Plaintiffs' arguments on this point are contained in their earlier filings.  *See* ECF Nos. 92, 102.

Objection at 20.  But, if the Rule 72(a) standard of review is to have any meaning, the straightforward application of existing law to a new factual situation cannot be sufficient to render a Magistrate Judge's decision "clearly erroneous" or "contrary to law."

Further, Morgan Stanley attempts to position Judge Gorenstein's holding as a "radical[]" expansion of Rule 34, Objection, at 2, that would "turn the discovery process on its head," *id.* at 23, but this argument is a red herring.  First, the case law already makes clear that a party can have Rule 34 control over documents in the possession of a third party even in the absence of an agency or contractual relationship.  *See Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005) (finding party must "must exhaust the practical means at its disposal to obtain the documents from" former employee); *Herbst v. Able*, 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (requiring production of documents held by former employee in the absence of showing that former employee "is unwilling to cooperate" to produce documents).  Second, allowing Rule 34 discovery of documents that a party has the "practical ability" to obtain does not open the Pandora's box that Morgan Stanley conjures because courts have tools to limit or prohibit discovery that would be better served on third parties.  Indeed, per Rule 26, courts *must* limit discovery that can be "obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

In sum, Judge Gorenstein's holding that Morgan Stanley has control over the transcripts at issue is supported by the Federal Rules of Civil Procedure as well as relevant caselaw and, as such, should be adopted by this Court. [4]

---

[4] Morgan Stanley additionally suggests that a different analysis might apply to deposition transcripts of deponents who were former Morgan Stanley employees when their depositions took place.  See Objection at 5 n.3.  However, Morgan Stanley has provided no reason to doubt that it was the party "producing" that information.  Indeed, it has submitted evidence that Morgan Stanley was the subject of the MAAG's investigative demands and that its counsel represented all 10 deponents.  Declaration of Corin R. Swift, ¶¶ 3-4, ECF No. 109-1.

## II.  Judge Gorenstein Was Correct to Hold that Comity Concerns Do Not Require the Withholding of Relevant Discovery Materials.

Having found that the transcripts were both relevant and within Morgan Stanley's control, Judge Gorenstein held that no comity concern prevented the disclosure of the transcripts. His thoughtful decision should be affirmed.[5]

### a.  The Massachusetts Statute Provides No Confidentiality Right.

Judge Gorenstein correctly held that the Massachusetts statute at issue creates no confidentiality right, and that there is thus no need for a federal court to defer to any such confidentiality right.  The statute provides that information produced during the course of a MAAG investigation may be disclosed "with the consent of the person producing the information."  Mass. Gen. Laws ch. 93A §6(6).  It further provides that such information "may be disclosed by the attorney general in court pleadings or other papers filed in court."  *Id.*  Judge Gorenstein held that, because the statute "gives the A.G. free rein to disclose such materials in any court filing," no "special deference to state law privileges" was required.  Order, at 4. Further, given the existence of that language, no witness providing testimony can have had the expectation that her testimony would remain confidential.[6]

Morgan Stanley contests this straightforward reading of the statute's text, Objection at 9-14, although it is well aware that there is no case law, from Massachusetts or elsewhere,

---

[5] Despite having argued repeatedly to Judge Gorenstein that the transcripts were not relevant, Morgan Stanley appears not to contest his finding that the transcripts "fit within Rule 26(b)(1)'s broad definition of relevance." Order at 2.

[6] Because the text of the Massachusetts statute provides for the public disclosure of the material, it is fundamentally unlike the statute discussed in *Komlosi v. New York State Office of Mental Retardation & Dev. Disabilities*, No. 88 Civ. 1792, 1992 WL 77544 (S.D.N.Y. Apr. 3, 1992), which Morgan Stanley cites in its brief.  Objection at 10-11. In *Komlosi*, the court observed that the statute itself "embodies an absolute privilege under New York law," but that New York courts had later developed a limited exception to that privilege that applied in malpractice suits only. 1992 WL 77544, at *1.

indicating that the statute does, in fact, create a confidentiality right.[7]  In lieu of presenting case law addressing the statute at issue, Morgan Stanley contends that cases discussing an entirely different federal statute render Judge Gorenstein's decision "wrong as a matter of law." Objection at 9, 11-13; (citing *In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24 (2d Cir. 1981); *Illinois v. Abbott & Assoc., Inc.*, 460 U.S. 557 (1983)).[8]  But, despite Morgan Stanley's breathless attempt to position these cases as if they bear on the plain meaning of the text at issue, they in fact support the Plaintiffs' position here.

The Objection devotes considerable space to these two decisions, which concern the Antitrust Improvements Act.  Objection at 11-13 (citing *Cuisinarts, Inc.*, 665 F.2d 24; *Abbott & Assoc., Inc.*, 460 U.S. 557).  Specifically, both decisions considered whether that statute allowed state Attorneys General to access materials gathered or generated by a federal antitrust grand jury without showing a compelling and particularized need.  In discussing that point, both decisions mention in passing the provision of the Antitrust Civil Process Act, 15 U.S.C. § 1313, governing the confidentiality of materials produced in response to a Department of Justice civil investigative demand ("CID").  This statute provides that CID materials shall not be available for examination "without the consent of the person who produced" the material.  15 U.S.C. § 1313(c)(3).  As Morgan Stanley correctly notes, both courts mention that this language "was imposed to safeguard the rights of individuals under investigation and to protect witnesses from retaliation."  *Cuisinarts¸* 665 F.2d at 34 n.22; *Abbot & Assoc.*, 460 U.S. at 571.

---

[7] The only case even vaguely relevant to this point is *Attorney Gen. v. Bodimetric Profiles,* which mentions in a footnote that, where a blood testing company contested a MAAG civil investigative demand, the company's professed concerns for patient privacy were misplaced, in part because the statute's language "helps protect the rights" of the individuals whose blood testing would be provided.  533 N.E.2d 1364, 1367 n. 6 (1989).

[8] Plaintiffs note that these cases, the centerpiece of Morgan Stanley's objection, were never cited before Judge Gorenstein.  This failure is especially surprising in light of Judge Gorenstein's explicit statement that the parties should make "*all* relevant arguments" in their written submissions.  ECF No. 88 (emphasis added).

But Morgan Stanley fails to mention that both cases were *citing directly to the legislative history of the provision* when they drew that conclusion.  *Cuisinarts¸* 665 F.2d at 34 n.22 (citing H.R. Rep. No. 1343, 94th Cong., 2d Sess. 7-8 (1976), reprinted in (1976) U.S.C.C.A.N. 2602; S. Rep. No. 803, 94th Cong., 2d Sess. 204 (1976)); *Abbot & Assoc.*, 460 U.S. at 571 (citing H.R. Rep. No. 1343, 94th Cong., 2d Sess. 3, 8, 18 (1976); S. Rep. No. 803, 94th Cong., 2d Sess. 30–31, U.S.C.C.A.N. 1976, p. 2572; 122 Cong. Rec. 29341 (1976) (explanation of House-Senate compromise bill by Sen. Hart)).  Indeed, Morgan Stanley goes so far as to omit the "citations omitted" parenthetical that belongs after its quotation from each case.  Objection at 12, 13.  As a result, although the Objection asserts that both courts interpreted the plain text of the statute in order to arrive at a conclusion about its meaning, this is far from the truth.  Instead, both the Second Circuit and the Supreme Court applied explicit statements in the statute's legislative history.  To graft such a close reading of specific legislative history onto the interpretation of an entirely unrelated and differently structured statute, passed by a different legislature, would be singularly inappropriate.  Thus, Morgan Stanley substantially overreaches when it argues that these cases render Judge Gorenstein's Order "inconsistent with Supreme Court and Second Circuit precedent."  Objection at 11.

Further, several courts have *rejected* the argument that the language of 15 U.S.C. § 1313 arms a party in subsequent private litigation with a privilege against disclosing material produced in response to a CID.  In one case, when United Airlines claimed that CID interrogatories and responses were protected from discovery as a result of that provision, the federal district court rejected the argument, noting that § 1313 "restrict[s] disclosure only by the officer to whom the report is made. " *See In re Domestic Air Transp. Antitrust Litig.*, 141 F.RD. 556, 560 (N.D. Ga. 1992).  The court therefore granted plaintiffs' motion to compel production of the documents.

*Id.* at 561.  In another case, the court examined the legislative history of § 1313 and concluded that "Congress did not provide that the transcripts would not be discoverable in subsequent litigation."  *In re Air Passenger Computer Reservation Sys. Antitrust Litig.*, 116 F.R.D. 390, 393 (C.D. Cal. 1986).  It noted that the statute provides for several ways in which CID deposition transcripts can be made public, and that "CID witnesses therefore testify with the knowledge that while the Department of Justice custodian will not release their testimony to the general public, it may be disclosed during subsequent court, agency, or Congressional proceedings."  *Id.* Accordingly, the transcripts were not protected by any privilege and were discoverable.  *Id.*; *see also In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1364 (N.D. Ga. 2012) (rejecting claim of § 1313 privilege over CID materials); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 929 F. Supp. 723, 725 (S.D.N.Y. 1996) (relying on, *inter alia*, *In re Domestic Air Transp.* and *In re Air Passenger* to hold no § 1313 privilege protects CID materials).[9]

### b.  Judge Gorenstein Correctly Balanced the Interests at Issue.

Morgan Stanley has presented this Court with no case law rendering Judge Gorenstein's reading of the Massachusetts statute to be clearly erroneous or contrary to law.  Indeed, Morgan Stanley's case law supports Judge Gorenstein's view of the statute.  Because Judge Gorenstein was correct to find that the Massachusetts statute creates no confidentiality right, comity did not require him to engage in any balancing analysis.[10]  However, Judge Gorenstein did analyze the

---

[9] Morgan Stanley argues that another decision in the *NASDAQ* litigation supports its position.  Order at 18 (citing *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 532 n.25 (S.D.N.Y. 1996). In that decision, the court ordered production of numerous CID deposition transcripts (both within the defendants' possession and outside of it). 169 F.R.D. at 530-31. It also ruled that the plaintiffs in that case could not rely on provisions of the Department of Justice Antitrust Manual to compel disclosure of the Department's settlement memorandum with defendants. *Id.* at 531-32. The court's reference to § 1313 in that discussion hardly constitutes a categorical rule about discovery of documents generated pursuant to that statute and cannot plausibly be read to afford Defendants a privilege under the Massachusetts statute.

[10] As Judge Gorenstein noted, the Massachusetts statute is unlike state statutes protecting the confidentiality of grand jury materials. Order at 4.  Plaintiffs detailed the differences in an earlier filing.  ECF No. 107, at 2-3.

balance of interests at play.  Order at 4-5.  He properly found that any privilege created by the Massachusetts statute was "extremely weak" because the transcripts were not likely to contain secret information, and because they would be produced subject to a protective order.  Judge Gorenstein noted both that Plaintiffs had pointed to "a number of specific instances" in which witnesses had failed to remember material information in depositions, and that their memories would naturally have faded in the four years since the MAAG depositions were taken.  *Id.* at 5. Thus, Plaintiffs' need for the transcripts would prevail.  *Id.* at 4-5.

Morgan Stanley cites no case law to demonstrate the Judge Gorenstein's balancing of the interests here was flawed.  Instead, it cites to a four-factor test that some federal courts have used to evaluate whether disclosure of material subject to a state law privilege should be required. Objection at 15 n.10 (citing *Lolonga-Gedeon v. Child & Family Servs.*, No. 08-CV-00300A F, 2012 WL 1714914, at *11 (W.D.N.Y. May 15, 2012); *United States v. King*, 73 F.R.D. 103, 105-09 (E.D.N.Y. 1976)).  This test requires balancing (1) the requester's "need for the information to enforce substantive and procedural policies; (2) the importance of the relationship or policy sought to be furthered by the state-created privilege and the likelihood the privilege would advance the relationship or policy; (3) the special need for the information sought to be protected; and (4) any adverse impact on the local policy resulting from not recognizing the privilege." *Lolonga-Gedeon*, 2012 WL 1714914, at *11.  Even under this analysis, Plaintiffs easily prevail.  First, as Judge Gorenstein held, Plaintiffs have a need for the information in proving their Fair Housing Act claim—the MAAG investigation concerned the Morgan Stanley-New Century relationship and its impacts upon borrowers, just as Plaintiffs' claims do, and witnesses' memories have faded since the MAAG depositions.  Second, factors (2) and (4) weigh in favor of disclosure because the MAAG has agreed to disclose the material, nullifying any

adverse impact on local policy and providing the best evidence available as to whether the state's interests would be served by disclosure. Finally, given that there is no reason to believe that the transcripts contain secret information, and because the protective order in this case would provide Morgan Stanley with an opportunity to protect any truly secret information from public disclosure, factor (3) also weighs in favor of disclosure here.[11]

The MAAG's willingness to disclose the material is particularly significant because, under Massachusetts law, "[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference." *Case of Gateley*, 613 N.E.2d 918, 919 (Mass. 1993). Where the MAAG is charged with enforcing a statute, "'its interpretation of the protections provided thereunder is entitled to substantial deference, at least where it is not inconsistent with the plain language of the statutory provisions.'" *Elec. Data Sys. Corp. v. Attorney Gen*., 907 N.E.2d 635, 640 (Mass. 2009) (quoting *Smith v. Winter Place LLC*, 851 N.E.2d 417 (Mass. 2006)). Thus, to the extent that comity places demands on this Court in its interpretation of the Massachusetts statute, comity requires this Court to defer to the MAAG's position that the transcripts are subject to disclosure here and that such disclosure would be consistent with Massachusetts law. *See Cahaly v. LaRosa,* No. 6:13-CV-00775-JMC, 2014 WL 2592555, at *7 (D.S.C. June 10, 2014) (noting relevance of state attorney general's interpretation of state statute, which is afforded "great weight" under South Carolina law (quoting *Mun. Ass'n of S.C. v. Omaha Prop. & Cas. Ins. Co.*, No. 3:06-467-MJP, 2007 WL 7945179 at *6 (D.S.C. Apr. 9, 2007))).

---

[11] Morgan Stanley's discussion of the "good cause" prong of the Massachusetts statute is inapposite. The statute provides for disclosure either on a showing of good cause *or* with the consent of the person producing the information, and the issue in this dispute is whether Morgan Stanley must provide its consent under the latter prong.

### c. Any Confidentiality Right That Might Exist Has Been Waived.

Finally, Morgan Stanley waived any confidentiality right it might claim pursuant to the Massachusetts statute when it agreed to produce all sworn testimony given by the eighteen document custodians in this case during the course of "any public governmental investigation." ECF No. 107-1, at 3.  That agreement did nothing to modify Rule 34's requirement that Morgan Stanley must produce documents in its "possession, custody, or control."  Moreover, Plaintiffs relied upon Morgan Stanley's agreement to produce transcripts from "any public governmental investigation," including those from the public MAAG investigation, when they made various discovery concessions, such as agreeing to seek deposition transcripts only from individuals named as document custodians in this case, instead of all transcripts and other discovery materials.  Accordingly, if this Court refrains from overruling Judge Gorenstein's finding that the transcripts are in Morgan Stanley's control, that should end the inquiry. Morgan Stanley should not now be permitted to assert that a statutory confidentiality interest prevents it from complying with its own agreement.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court affirm

Magistrate Judge Gorenstein's Order.


Dated: July 2, 2014                                    Respectfully submitted,


                                                       By: /s/ Rachel E. Goodman
                                                           Rachel E. Goodman

                                                       Dennis D. Parker
                                                       Laurence M. Schwartztol
                                                       Rachel E. Goodman
                                                       Peter W. Beauchamp
                                                       AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                                       125 Broad Street, 18th Floor
                                                       New York, NY 10004
                                                       Telephone: (212) 549-2500
                                                       Facsimile: (212) 549-2651

                                                       Elizabeth J. Cabraser
                                                       Michael W. Sobol
                                                       LIEFF CABRASER HEIMANN AND BERNSTEIN LLP
                                                       275 Battery Street, 29th Floor
                                                       San Francisco, CA 94111
                                                       Telephone: (415) 956-1000
                                                       Facsimile: (415) 956-1008

                                                       Rachel Geman
                                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                                       250 Hudson Street, 8th Floor
                                                       New York, NY 10013-1413
                                                       Telephone: (212) 355-9500
                                                       Facsimile: (212) 355-9592

Stuart T. Rossman
Charles M. Delbaum
Arielle Cohen
THE NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02210
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Michael J. Steinberg
Kary L. Moss
AMERICAN CIVIL LIBERTIES UNION FUND OF
MICHIGAN
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6814
Facsimile: (313) 578-6811

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2014, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York, via the CM/ECF system.  Case participants who are registered CM/ECF users will be served by the CM/ECF system.

Dated: July 2, 2014

By: /s/ Rachel E. Goodman
      Rachel E. Goodman

*Counsel for Plaintiffs and the Proposed Class*