# EXHIBIT A

```
 1                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   BEVERLY ADKINS, et al,              :  12-CV-07667 (VEC)
                                         :
 5                  Plaintiffs,          :
                v.                       :
 6                                       :  500 Pearl Street
     MORGAN STANLEY, et al,              :  New York, New York
 7                                       :
                    Defendants.          :  May 12, 2014
 8   ------------------------------------X

 9
              TRANSCRIPT OF CIVIL CAUSE FOR HEARING
10         BEFORE THE HONORABLE GABRIEL W. GORENSTEIN
                 UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Plaintiffs:      RACHEL E. GOODMAN, ESQ.
                              LAURENCE SCHWARTZTOL, ESQ.
14                            PETER BEAUCHAMP, ESQ.
                              American Civil Liberties Union
15                             Foundation
                              125 Broad Street, 18$^{th}$ Floor
16                            New York, New York 10004

17                            RACHEL GEMAN, ESQ.
                              Lieff, Cabraser, Heimann & Bernstein,
18                             LLP
                              250 Hudson Street, 8$^{th}$ Floor
19                            New York, New York 10013

20   For the Defendants:      DAVID OGDEN, ESQ.
                              BRIAN BOYNTON, ESQ.
21                            JONATHAN BRESSLER, ESQ.
                              NOAH LEVINE, ESQ.
22                            Wilmer, Cutler, Pickering, Hale and
                               Dorr, LLP
23                            1875 Pennsylvania Avenue, NW
                              Washington, DC 20006
24
     Court Transcriber:       MARY GRECO
25                            TypeWrite Word Processing Service
                              211 N. Milton Road
                              Saratoga Springs, New York  12866


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                   3

1            I did have some questions but it was the defendants
2    went well beyond my order in their letter today, so I don't
3    know if plaintiffs wanted to address anything in there.  I know
4    you had about two hours to look at it, but there was some new
5    material in there.  Anything you wanted to add?
6            MS. GOODMAN:  Your Honor, plaintiffs would seek an
7    opportunity for an additional written submission that responds
8    to some of the cases that were introduced in defendant's letter
9    today, Your Honor.
10           THE COURT:  I almost would want to strike the letter
11   except that I'd rather decide it based upon a proper record.  I
12   may still decide this, we'll see, while I have everyone here.
13           I just want to get a better sense from each side
14   starting with defendants what the relationship was between
15   Morgan Stanley and the actual people deposed at the time and
16   now and whether that matters.  No one's raised it, but I was
17   just curious.  I assume they were all certainly employees then
18   but maybe some details might be of interest to me.  So Mr.
19   Ogden, go ahead.
20           MR. OGDEN:  Yes, Your Honor.  All of them are either
21   former or current employees.
22           THE COURT:  Now or then?
23           MR. OGDEN:  Both.  The status I'm just looking at,
24   information I have, it looks to me like the status of one of
25   the -- there are ten of the 18 document custodians that have

1 agency might say as it did --

2 THE COURT: Oh, I could have easily imagined the
3 statute where they said we're never going to give it to you,
4 but that's not the statute they wrote. They said we're not
5 going to give it to you unless you consent.

6 MR. OGDEN: But it doesn't say that they will give it
7 to you if you do consent, and the reason for that is that they
8 want to maintain control, and they do have control, and they
9 have exercised control so that if a party consents, or if a
10 party even asks for a copy of the transcript, they may well say
11 no, and they're not obligated to provide it. If the party
12 consents, they may, but it's up to them. And here -- and
13 that's the critical thing. So the cases that you have in which
14 investigative agencies have been held to be within the control
15 of a private entity have been cases where that party had an
16 expressed right to obtain the material. This idea of practical
17 ability --

18 THE COURT: Okay. And why don't you turn to that
19 then because it's a different concept.

20 MR. OGDEN: It is a different concept. It's another
21 route to the idea of control. And first of all, it has never
22 been applied to a circumstance in which a private party is said
23 to have quote the practical ability to obtain something from a
24 government agency of which I'm aware absent a right to obtain
25 the material, number one. Number two, the reason for that is

34

1  that what practical ability rests on in the case law is on a
2  relationship between the party from whom the materials are
3  being requested and the party in possession pursuant to which
4  the party effectively has the ability to mandate production
5  even if that party doesn't want to produce it.  So that, for
6  example, you have that power over your attorney even though
7  there may not be an expressed obligation.  You have that power
8  over your agent, maybe over your possessor of your email
9  messages who you contract with to keep those email messages for
10 you over a subsidiary of a corporation.  In all those
11 situations, the party from whom the documents are being
12 requested may not have a formal right but it has the practical
13 ability not only to say something about it, but to cause that
14 entity to produce the document.  That's what practical ability
15 means.  That just isn't true here.
16          THE COURT:  Well, they have the practical ability to
17 cause the AG to produce this document.
18          MR. OGDEN:  No, Your Honor.  They have the practical
19 ability to permit the AG to do so, but the AG will do so only
20 if the AG for its own reasons, having nothing to do with
21 whether Morgan Stanley desires it, decides to do it.  And the -
22 -
23          THE COURT:  Okay.  Well, if they don't decide to do
24 it, maybe you come back and say you know what, Judge, you
25 thought I had the practical ability but boy were you wrong,

47

1  would like to consider those transcripts individually, we would
2  ask that that to happen subsequent to today that we have an
3  opportunity to prepare specifically.
4         THE COURT:  I think I don't want a lot of paper
5  wasted but I don't want to sit and read a transcript, so I
6  think what you need to do is pick out the important things in
7  whatever transcript.  I mean it's not so much the number of
8  times someone says I don't remember as whether there are
9  important pieces of your case that they're not remembering,
10 important pieces of factual investigation that they're not
11 remembering.
12        MS. GOODMAN:  And Your Honor, we're happy to do that
13 but we would ask that this Court come up with a timeline that
14 we can do that in an expedited way because we've been seeking
15 these transcripts from defendants since February and we now
16 have a class certification motion that's due on June 8th in less
17 than a month.
18        THE COURT:  Right.
19        MS. GOODMAN:  So and we really --
20        THE COURT:  No, I think we should do it quickly.
21 Well, the burden is kind of on you because I'm going to make
22 you go first, so whenever you want to do it is fine with me.
23        MS. GOODMAN:  Okay.
24        THE COURT:  Whatever time you ask for I shall give to
25 your neighbor, so --

```
                                                              48
 1             MS. GOODMAN:  Your Honor, we could submit something
 2   by the close of business on Wednesday.  The other thing we can
 3   do, Your Honor, is confer and propose a timeline by the end of
 4   today.
 5             THE COURT:  That's fine.  So if this is going to be
 6   limited to this issue of why you -- the big issue is why you
 7   need the transcripts.  The only one I believe you've identified
 8   is memory loss.  That's the only reason you need them.  So I
 9   need to have a complete picture of that with respect to each
10   witness to know whether there should be some wholesale,
11   assuming again I reach the issue, whether there should be some
12   wholesale production or whether it should be limited to
13   particular people.
14             MS. GOODMAN:  And Your Honor, can plaintiffs also
15   address the arguments raised in defendant's letter?
16             THE COURT:  The new arguments?  Sure.  Feel free.
17   Only the new ones.
18             MS. GOODMAN:  Thank you.
19             THE COURT:  All right.  So I'll just wait to hear
20   from you.
21             MS. GOODMAN:  We'll supply something in writing for
22   that.
23             THE COURT:  Anything you wanted to add?
24             MR. OGDEN:  Just one thing, Your Honor, on my
25   continuing effort to suggest to you that while I think you're
```

64

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

_____

Mary Greco

Dated: June 24, 2014