UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BEVERLY ADKINS, CHARMAINE :
WILLIAMS, REBECCA PETTWAY, RUBBIE :
McCOY, WILLIAM YOUNG, on behalf of :
themselves and all others similarly situated, and :
MICHIGAN LEGAL SERVICES, :
                        Plaintiffs, :
                                              :  12-CV-7667 (VEC)
               -against- :
                                              : MEMORANDUM
MORGAN STANLEY, MORGAN STANLEY & :      ORDER
CO. LLC, MORGAN STANLEY ABS CAPITAL :
I INC., MORGAN STANLEY MORTGAGE :
CAPITAL INC., and MORGAN STANLEY :
MORTGAGE CAPITAL HOLDINGS LLC, :
                        Defendants. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2014

VALERIE CAPRONI, District Judge:

      On May 27, 2014, Magistrate Judge Gabriel Gorenstein granted Plaintiffs' motion to compel the production of deposition transcripts generated in connection with an investigation into Morgan Stanley's conduct by the Massachusetts Attorney General ("the MAAG").[1] *Adkins v. Morgan Stanley*, No. 12-CV-7667 (S.D.N.Y. May 27, 2014) ("Mem. Order"). Morgan Stanley objects to that order and seeks this Court's review. For the reasons stated below, the magistrate judge's order is REVERSED to the extent that it fails, as a matter of comity, to require Plaintiffs first to seek the requested deposition transcripts from a Massachusetts commonwealth court before determining whether their production can and should be compelled in this action. If Plaintiffs wish to obtain copies of deposition transcripts generated during the MAAG's investigation, they must first apply in Massachusetts commonwealth court.

---

[1] This dispute was referred to Judge Gorenstein on April 1, 2014 following Plaintiffs' letter of March 31, 2014, ECF No. 81.

## BACKGROUND

On behalf of a putative class comprised of Detroit-area African-American borrowers, Plaintiffs bring claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* alleging a racially disparate impact from Defendants' securitization policies related to mortgages originated by New Century Mortgage Company. Prior to the inception of this litigation, in 2009 and 2010, the MAAG investigated Morgan Stanley's "financing, purchasing, and securitization of allegedly unfair residential mortgage loans during the period 2005 through the first half of 2007." Assurance of Discontinuance ¶ 1, ECF No. 92, Ex. A. In connection with that investigation, the MAAG deposed ten current and former Morgan Stanley employees, eight of whom have been deposed by Plaintiffs in this action. At the time the MAAP was conducting its depositions, Morgan Stanley requested copies of the transcripts. Swift Decl. ¶¶ 5–7, ECF No. 109, Ex. A. The MAAG denied the request for copies, but granted Morgan Stanley permission to review the transcripts in the MAAG's offices.[2]

Plaintiffs now seek transcripts of those depositions. The MAAG has represented to Plaintiffs that "if the [MAAG] receives Morgan Stanley's consent to produce the relevant deposition transcripts to counsel for Plaintiffs in this case, it will do so." Pls.' Mar. 31, 2014 Ltr. at 2, ECF No. 81. Based on that representation, the magistrate judge granted Plaintiffs' motion to compel production, and ordered Defendants to obtain the transcripts from the MAAG and produce them to Plaintiffs. Mem. Order at 5.

In doing so, the magistrate judge concluded that the transcripts were relevant to this litigation and, because MAAG would produce them if Morgan Stanley consented, that they were

---

[2] Ironically, had MAAG acquiesced in Morgan Stanley's request for copies of the deposition transcripts during the course of its investigation, this entire dispute would be a non-issue. Morgan Stanley would have actually possessed the transcripts so that plaintiffs could have obtained them through a request pursuant to Fed. R. Civ. P. 34.

within Morgan Stanley's "possession, custody, or control" for the purposes of Rule 34(a)(1) of the Federal Rules of Civil Procedure. *Id.* at 2-4.  The magistrate judge also rejected Defendants' argument that a Massachusetts statute limiting the circumstances under which the MAAG may release such transcripts shields them from disclosure here. *Id.* at 4. *See also* Mass. Gen. Laws Ann. ch. 93A, § 6(6) (West).  Defendants now object to Magistrate Judge Gorenstein's application of Fed. R. Civ. P. 34(a)(1) and his finding that the transcripts are not protected from disclosure under Massachusetts General Laws, chapter 93A, § 6(6).

## DISCUSSION

### A. Standard of Review

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may refer nondispositive matters to a magistrate judge for resolution.  "Matters concerning discovery generally are considered 'nondispositive of the litigation.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  Upon a timely objection, the Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a). The parties disagree as to the standard to be applied when reviewing a magistrate judge's order. Defendants contend that even when reviewing nondispositive matters, determining whether a magistrate judge's legal conclusions were "contrary to law" is synonymous with *de novo* review, *see PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010), while Plaintiffs argue that "magistrate judges are afforded broad discretion" when resolving discovery disputes and "reversal is appropriate only if that discretion is abused." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 178 (S.D.N.Y. 2008) (quoting *Commodity Futures Trading Comm'n v. Standard Forex, Inc.*, 882 F. Supp. 40, 42 (E.D.N.Y. 1995)).  The Court need not

resolve this dispute, however, because even under Plaintiffs' deferential standard of review, the magistrate judge's analysis was contrary to law.

## B. Principles of Comity as Applied to the Massachusetts Statute

"[I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law." *Crosby v. City of N.Y.*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010). Nevertheless, "as a matter of comity federal courts accord deference to state-created privileges." *United States v. One Parcel of Prop. Located at 31-33 York St., Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991). This deference is not without limits; in federal question cases, state privileges "are construed narrowly and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact." *Id.* (internal citations omitted). *See also Crosby*, 269 F.R.D. at 274 (quoting *Daniels v. City of N.Y.*, No. 99-CV-1695, 2001 WL 228091, at *1 (S.D.N.Y. Mar. 8, 2001)). At this time, the Court need not determine whether the Massachusetts statute creates an independent privilege, balance any such privilege against federal interests in liberal discovery, or determine whether Morgan Stanley's ability to consent to the release of the transcripts is legally equivalent to possession of the transcripts for purposes of Fed. R. Civ. P. Rule 34, because the statute plainly provides an alternate avenue through which any conflict between state and federal interests might be avoided in the first instance.

Under the commonwealth consumer protection statute pursuant to which MAAG conducted its investigation:

> [a]ny documentary material or other information produced by any person pursuant to this section shall not, *unless otherwise ordered by a court of the commonwealth for good cause shown*, be disclosed to any person other than the authorized agent or representative of the attorney general, unless with the consent of the person producing the same; provided, however, that such material or information may be disclosed by the attorney general in court pleadings or other papers filed in court.

Mass. Gen. Laws Ann. ch. 93A, § 6(6) (West) (emphasis added).  Massachusetts law thus provides three circumstances under which certain MAAG materials may be disclosed to third-parties: (1) upon a finding of good cause by a commonwealth court; (2) with the consent of the producing party; or (3) as submitted by the MAAG in court pleadings or other filings.  Defendants have not consented to production of the requested transcripts and it appears that the MAAG has not filed any of the relevant materials in court.  *See* Defs.' Obj. to Magistrate Judge Gorenstein's May 27, 2014 Order Granting Pls.' Mot. to Compel at 2, 5, 7.  Plaintiffs have not sought an order from a Massachusetts court, which is statutorily authorized to grant disclosure of the transcripts "for good cause shown," and thus have not exhausted the procedures available to obtain the transcripts under Massachusetts law.  Mass. Gen. Laws Ann. ch. 93A, § 6(6) (West).

Because this alternative provides an avenue for the disclosure of MAAG materials that protects Massachusetts's interests therein and does not prejudice federal interests,[3] the magistrate judge erred in granting Plaintiffs' Motion to Compel without requiring in the first instance that, as a matter of comity, Plaintiffs seek the documents from a commonwealth court.  *Cf. Anilao v. Spota*, 918 F. Supp. 2d 157, 170 (E.D.N.Y. 2013) ("[A]s a matter of comity, a party seeking disclosure of materials from a state grand jury proceeding for purposes of a federal civil lawsuit should 'first make [its] application to the state court supervising the grand jury at issue.'" (quoting *Ruther v. Boyle*, 879 F. Supp. 247, 250 (E.D.N.Y. 1995)).  *See also Ligon v. City of N.Y.*, No. 12-CV-2274, 2012 WL 2125989, at *2 (S.D.N.Y. June 12, 2012) ("[A] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges

---

[3] This avenue also allows the Court to avoid determining what appears to be a novel question: specifically, whether under the circumstances of this case, Morgan Stanley "possesses" the transcripts.  *See Batson v. Kentucky,* 476 U.S. 79, 111 n. 5 (1986) (Stevens, J., concurring) ("[T]he Court should only address issues necessary to the disposition of the case or petition."); *cf. Anderson v. United States,* 417 U.S. 211, 218 (1974) (directing that it is "inadvisable . . . to reach out . . . to pass on important questions of statutory construction when simpler, and more settled, grounds are available for deciding the case at hand").

where this can be accomplished at no substantial cost to federal substantive and procedural policies." (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988))); *Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D.N.Y. 1989) (Even where the state statute creates no independent evidentiary privilege, the state's interest in protecting the confidentiality of certain files is "a proper consideration to be balanced against the plaintiff's interest in disclosure pursuant to Rule 26." (citing *King*, 121 F.R.D. at 190-91; *Martin v. Lamb,* 122 F.R.D. 143, 146 (W.D.N.Y.1988))). If Plaintiffs exhaust this avenue without success, they may reassert their motion to compel production from Morgan Stanley. *Cf. Frederick v. N.Y.C.*, No. 11-CV-469, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012) ("[I]n cases where a state court denies access to grand jury transcripts, 'the burden falls on this Court to make an independent determination of whether the grand jury transcripts should be released.'" (quoting *Palmer v. Estate of Stuart*, 2004 WL 2429806, at *2 (S.D.N.Y. Nov. 1, 2004)).

## CONCLUSION

For the reasons stated above, the magistrate judge's discovery ordered issued on May 27, 2014 is REVERSED to the extent that it fails, as a matter of comity, to require Plaintiffs first to seek the requested deposition transcripts from a Massachusetts commonwealth court before determining whether their production can and should be compelled in this action.  Because the magistrate judge's order was contrary to law on that ground, the Court need not determine whether Massachusetts General Laws, chapter 93A, § 6(6), creates a privilege held by Morgan Stanley that is recognizable by this court or whether the transcripts fall within Morgan Stanley's

control for the purposes of Rule 34 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

**Date:  August 13, 2014**
         **New York, NY**                              **VALERIE CAPRONI**
                                                       **United States District Judge**