

**Hahn & Hessen LLP**
488 Madison Avenue, New York, NY 10022
T 212.478.7200   F 212.478.7400   hahnhessen.com

September 18, 2014
Via Federal Express

Maria A. Arnott
Special Counsel
212.478.7375
marnott@hahnhessen.com

Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
United States Courthouse
40 Foley Square, Rm. 443
New York, NY 10007

Re: *Adkins et al. v. Morgan Stanley et al.*, No.1:12-cv-7667 (VEC) (GWG)

Dear Judge Caproni,

As counsel to Alan M. Jacobs, Trustee for The New Century Liquidating Trust and Reorganized New Century Warehouse Corporation (the "Trust"), we write in response to the September 11, 2014 letter of plaintiffs' counsel, Laurence M. Schwartztol, seeking to have certain documents produced by the Trust in response to a Rule 45 subpoena filed to the public record.

By way of background, on April 2, 2007, New Century Financial Corporation and many of its affiliates (collectively the "Debtors") filed for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On June 1, 2007, the Bankruptcy Court issued an order directing the U.S. Trustee to appoint an Examiner to, among other things, "investigate any and all accounting and financial statement irregularities, errors or misstatements" and to prepare a report with respect thereto. On June 5, 2007, the U.S. Trustee appointed Michael J. Missal as Examiner (the "Examiner"), which appointment was confirmed by the Bankruptcy Court on June 7, 2007.

In the fulfillment of his mandate, the Examiner, through his appointed counsel, K & L Gates LLP, conducted numerous interviews of Debtors' then present and former employees. At the commencement of each interview, counsel for the Examiner advised the interviewee that the interview was confidential.

In response to a Rule 45 subpoena served in the above referenced action, the Trust produced Examiner interview memoranda to plaintiffs and designated such documents as "Confidential" in accordance with the provisions of the Stipulated Proposed Protective Order entered in this case on January 3, 2013. Plaintiffs now seek to have six of these interview memoranda (ECF 129, Ex. 21, 28-32) filed on the public docket and has requested the Trust to consent to such filing.



September 18, 2014
Page 2

The six interview memoranda that plaintiffs seek to unseal reflect that the interviewees were advised by the Examiner at the outset of their meeting that the interviews were "confidential." By reason thereof, the Trust did not believe that it was appropriate for it to consent to the plaintiffs' request to unseal the six interview memoranda. Accordingly, the Trust neither consents to nor opposes the plaintiffs' request.

Respectfully submitted,

Maria A. Arnott

cc:   Larry Schwartztol, Esq.
      Colin Reardon, Esq.