



LAURENCE M. SCHWARTZTOL
STAFF ATTORNEY
RACIAL JUSTICE PROGRAM
T/212.519.7849.
LSCHWARTZTOL@ACLU.ORG

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/02/2014
```

September 11, 2014

**VIA ECF**

Hon. Valerie E. Caproni
U.S. District Court
40 Foley Square
New York, NY 10007

Re:   *Adkins et al. v. Morgan Stanley et al.*, No. 1:12-cv-7667 (VEC) (GWG)

Dear Judge Caproni,

     I represent the Plaintiffs in the above-captioned civil rights lawsuit. Plaintiffs write to respectfully request that documents supporting our motion for class certification, which were provisionally filed under seal, now be filed on the public record, subject to a small number of redactions.

     At the June 19, 2014 status conference, the parties discussed the process for filing materials designated confidential pursuant to the protective order in this case. Plaintiffs expressed the view that documents relating to the class certification motion, many of which had previously been marked confidential by Morgan Stanley, should be available on the Court's public docket to the greatest extent possible. Plaintiffs proposed that the meet-and-confer requirement regarding sealing documents marked as confidential, outlined in Your Honor's Individual Practices in Civil Cases, be deferred until after our filing (which was due 8 days later). The Court granted that request. *See* 6/19/14 Tr. at 49:19-50:14. Accordingly, Plaintiffs' class certification filing includes numerous materials that were provisionally filed with a request that they be maintained under seal.

     The parties thereafter conferred to determine whether any of the filed documents should remain under seal. Defendants proposed a small number of redactions to remove names and property addresses of borrowers listed on certain spreadsheets, as well as certain Morgan Stanley bank account information reflected in one of Plaintiffs' expert reports. Plaintiffs do not object to those proposed redactions. Other than those redactions, the parties agree that all documents previously marked as confidential by Plaintiffs or by Morgan Stanley should be available on the Court's public docket. Accordingly, Plaintiffs request that the documents currently filed under seal

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

at ECF 129 (with certain exceptions described below), 131,[1] and 132 be filed on the public docket with the limited redactions proposed by Morgan Stanley. The attached Appendix 1 indicates how the redacted documents submitted herewith correspond to the prior filings.

In addition to documents marked as confidential by the parties, there are eight documents filed in support of class certification that were produced by the New Century Bankruptcy Trust, pursuant to Rule 45 subpoenas, which the Trust designated as confidential. Counsel for Plaintiffs conferred with the Trust and requested its consent to file those documents on the public docket. Morgan Stanley has stated that it takes no position with respect to the unsealing of the New Century documents.

Two of those documents (ECF 129 Ex. 79, 81) are appraisal reports relating to homes purchased by Named Plaintiffs. The Trust has consented to those documents appearing on the public docket. (In providing that consent, the Trust asked for and received representations that the two relevant Named Plaintiffs also consented to those documents being unsealed.) Plaintiffs therefore request that these documents be filed on the public docket.

The other six New Century documents are memoranda describing interviews of former New Century employees conducted by the New Century Bankruptcy Examiner. *See* ECF 129 Ex. 21, 28-32. The Trust has stated that it does not consent to those materials being filed on the public docket. Plaintiffs believe those documents should *not* be maintained under seal, and we have informed the Trust that we intend to make application to the Court to unseal them.

Plaintiffs therefore request that the Bankruptcy Examiner interview memoranda filed provisionally under seal at ECF 129, Ex.21 & 28-32 be filed on the public docket.[2] Plaintiffs will forward a copy of this correspondence to counsel for the New Century Bankruptcy Trust so that the Trust may submit any response it believes is appropriate.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

---

[1] The document at ECF 131 is the expert report of Dr. Ian Ayres. That report aggregates and analyzes data produced both by Morgan Stanley and the New Century Bankruptcy Trust. Accordingly, Plaintiffs sought consent from both entities to include the report on the public docket. In providing that consent, Morgan Stanley and the New Century Trust each asked that we provide a representation that they would not consent to the public disclosure of the underlying loan-level data or waive the confidentiality provided for in the Protective Order dated March 25, 2013 (ECF 44) with respect to such data. (Dr. Ayres' expert report does not contain any non-aggregated loan-level data.)

[2] In sum, of the 81 exhibits appended to ECF 129, Plaintiffs are requesting that all of them be placed on the public docket *except* for the three exhibits to ECF 129 identified in Appendix 1, which we request be placed on the public docket in the redacted versions attached hereto. The six attachments to ECF 129 that are identified in Appendix 2 are the documents that Plaintiffs request be placed on the public docket notwithstanding the Trust's non-consent to public filing of those materials.

Finally, Plaintiffs' memorandum in support of class certification was filed in heavily redacted form because it referenced documents that had been filed under seal. *See* ECF 128. Plaintiffs request that the memorandum of law appear in unredacted form, except insofar as is necessary to redact references to the six documents for which the New Century Bankruptcy Trust has not consented to unsealing. Similarly, one of Plaintiffs' expert reports refers to the content of those memoranda. *See* ECF 130. Redacted copies of both documents are attached hereto as exhibits. If the Court determines that those New Century documents should appear on the public record, Plaintiffs would seek to have the memorandum of law and expert report appear in unredacted form.

Thank you for consideration of these matters.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Sincerely,

Laurence M. Schwartztol

**CC:** Maria Arnott
*Counsel for New Century Bank Trust*

Except with respect to Exhibits 21 and 28-32 to the Declaration of Nicole D. Sugnet in Support of Plaintiffs' Motion for Class Certification (the "Sugnet Declaration") (ECF. No 129), all Exhibits to the Sugnet Declaration shall be publicly filed on the docket subject to Defendants' minor proposed redactions. Exhibits 21 and 28-32 to the Sugnet Declaration should also be filed publicly, but only after redacting any personal or biographical information concerning matters outside the scope of the respective interviewees' employment at New Century Financial Corporation or New Century Mortgage Company. The Affidavits of Ian Ayers and Geoffery A. Oliver (ECF Nos. 131-132) should be filed publicly on the docket subject to Defendaats' minor proposed redactions. Plaintiffs' Memorandum of Law in Support of Class Certification (ECF No. 128), and the supporting Affidavit of Patricia A. McCoy (ECF No. 130) shall be publicly filed in unredacted form, except as necessary to preserve any of the permitted redactions described in this order.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Date: 10/02/2014                                              3