WILMERHALE

November 25, 2014

**By ECF**

David W. Ogden

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *Adkins et al. v. Morgan Stanley et al.*, No. 1:12-cv-7667 (VEC) (GWG)

Your Honor:

      Consistent with the discussion at the June 19, 2014 status conference and with the approach taken by Plaintiffs in their class certification filings, Morgan Stanley filed many of the documents supporting its opposition to Plaintiffs' motion for class certification provisionally under seal.  *See* ECF Nos. 168-79; *see also* ECF No. 167 (notice of filing provisionally under seal).  Morgan Stanley submits this letter to respectfully request that those documents now be filed on the public record, subject to a small number of redactions.

      *First*, the parties have conferred and agreed that documents supporting Morgan Stanley's opposition designated as confidential by the parties can be unsealed subject to limited redactions of two documents.  Those redactions remove individual borrower names and street addresses from Exhibit A to the Declaration of Brad Davis, *see* ECF No. 173, and bank account information from Exhibit D to the Declaration of Francis Telesca, *see* ECF No. 178.  The Court previously approved similar redactions to documents filed by Plaintiffs, *see* ECF No. 185, and Morgan Stanley requests that it be permitted to file those two documents in redacted form as well. (Copies of the redacted versions of the two documents are attached to this letter as Exhibits 1 and 2.)  Subject to those redactions, the parties agree that all of Morgan Stanley's class certification filings can be unsealed.

      *Second*, Morgan Stanley conferred with counsel for the New Century Bankruptcy Trust concerning the unsealing of documents that the Trust produced during discovery and designated as confidential.  The Trust generally consented to the unsealing of all of its documents in their entirety, *see* ECF No. 169, Exs. 19, 21, 29, 30, and also to the unsealing of the expert report of Dr. Marsha Courchane, which cited documents and aggregate data produced by the Trust, *see* ECF No. 170.[1]  With respect to one document—a purchase agreement between New Century and

---

[1]   With respect to documents concerning the Named Plaintiffs, the Trust asked for and received from Plaintiffs' counsel representations that the Named Plaintiffs consented to those documents being unsealed.  The Trust also represented that it did not consent to the public disclosure of the underlying documents and individual loan data cited in the expert report of Dr. Courchane.  Similarly, Morgan Stanley does not waive the confidentiality

WILMERHALE

Honorable Valerie Caproni
By ECF
Page 2

Barclays Bank—the Trust stated that it consented to the unsealing of most of the agreement, but did not consent to the unsealing of information in the agreement regarding the total price Barclays Bank paid for the loans because of the agreement's confidentiality provision.  *See* ECF No. 169, Ex. 20 at 6-7 (confidentiality provision).  Morgan Stanley will forward a copy of this letter to counsel for the Trust so that it may submit any response it believes appropriate.[2]

          Respectfully submitted,

          */s/* David W. Ogden_____

          David W. Ogden

cc:    Plaintiffs' counsel (via ECF)
        Maria Arnott, counsel for the New Century Bankruptcy Trust (via e-mail)

---

provided for in the Protective Order (ECF No. 44) with respect to the underlying documents and individual loan data referenced in the parties' expert reports.

[2] Morgan Stanley also filed under seal a memo summarizing an interview of Bill McKay by the New Century bankruptcy examiner.  *See* ECF No. 169, Ex. 21.  Plaintiffs included the same memo in their class certification filings, and filed it publicly in redacted form pursuant to this Court's October 2, 2014 order.  *See* ECF No. 185 (order); ECF No. 187-29 (redacted memo).  Morgan Stanley has conferred with the Trust regarding the memo and intends to file it publicly with the same redactions.  In addition, the Trust has consented to the unsealing of deposition testimony concerning the memo.  *See* ECF No. 169, Ex. No. 9 at 143-44.