

Hahn & Hessen LLP
488 Madison Avenue, New York, NY 10022
T 212.478.7200   F 212.478.7400   hahnhessen.com

December 1, 2014
Via ECF

Maria A. Arnott
Special Counsel
212.478.7375
marnott@hahnhessen.com

Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
United States Courthouse
40 Foley Square, Rm. 443
New York, NY 10007

Re: *Adkins et al. v. Morgan Stanley et al.*, No.1:12-cv-7667 (VEC) (GWG)

Dear Judge Caproni,

As counsel to Alan M. Jacobs, Trustee for The New Century Liquidating Trust and Reorganized New Century Warehouse Corporation (the "Trust"), established pursuant to a confirmed chapter 11 plan of liquidation of New Century TRS Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), we write in response to the November 25, 2014 letter of defendants' counsel, David W. Ogden, seeking to have certain documents produced by the Trust in response to a Rule 45 subpoena filed to the public record. The Trust incorporates by reference its letter dated September 18, 2014 to the Court in response to plaintiffs' request for similar relief [Dkt No. 182].

In response to defendants' Rule 45 subpoena, the Trust produced over 21,000 pages of documents to the parties, all of which were designated as "Confidential" in accordance with the provisions of the Stipulated Proposed Protective Order entered herein. These documents included borrower loan file, correspondence and other data regarding Debtors' origination and sale of loans and memoranda of interviews conducted by the Bankruptcy Court appointed Examiner.[1] Defendants have requested that the Trust consent to unseal the following documents: the Expert Report of Timothy J. Riddiough, Ph.D. and Expert Report of Professor Stephen G. Ryan (the "Expert Reports"), which cite documents and data produced by the Debtors and six exhibits to defendants' brief in opposition to plaintiff' motion for class certification – (a) two interview memoranda of William McKay conducted by the bankruptcy appointed Examiner (Ex. 21); (b) excerpts of the June 30, 2014 deposition transcript of William McKay (Ex. 9); (c) two purchase price and terms agreement for the

---

[1] On June 1, 2007, the Bankruptcy Court issued an order directing the U.S. Trustee to appoint an Examiner to, among other things, "investigate any and all accounting and financial statement irregularities, errors or misstatements" and to prepare a report with respect thereto. On June 5, 2007, the U.S. Trustee appointed Michael J. Missal as Examiner (the "Examiner"), which appointment was confirmed by the Bankruptcy Court on June 7, 2007.



December 1, 2014
Page 2

sale of loans by Debtors to DLJ Mortgage Capital Inc. and Sutton Funding LLC, respectively (Exs. 19 and 20); and (d) portions of loan files relating to two the named plaintiffs (Exs. 29 and 30).

On October 2, 2014, Your Honor ruled that memoranda of the Examiner's interviews may be filed publically after redacting personal or biographical information concerning matters outside the scope of the interviewee's employment for the Debtors. For that reason and subject to the same redactions, the Trust raises no further objection to unsealing the interview memoranda of William McKay or the portions of Mr. McKay's deposition which make reference to the interview memoranda (Exs. 9 and 21).

As for the Debtors' purchase and sale agreements, the Trust has no objection to unsealing the agreement with DLJ Mortgage Capital Inc. The agreement with Sutton Funding LLC, however, contains a confidentiality provision (§ 13) as to the price paid by Sutton for the mortgage loans. For that reason, the Trust does not consent to defendants' request as it related to the mortgage loan pricing.

Finally, with regard to the Expert Reports and the portions of the loan files relating to two of the named plaintiffs, to the extent they contain information pertaining to plaintiffs and plaintiffs consent to these documents being unsealed, the Trust has no objection. To the extent any other personal and/or confidential information that may be contained in these documents, the Trust expressly does not consent to its unsealing.

Respectfully submitted,

Maria A. Arnott

cc: (Via Email and Overnight Delivery)
Colin Reardon, Esq.
Larry Schwartztol, Esq.