UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEVERLY ADKINS, CHARMAINE WILLIAMS,
REBECCA PETTWAY, RUBBIE McCOY,
WILLIAM YOUNG, on behalf of themselves and all
others similarly situated, and MICHIGAN LEGAL
SERVICES,

                  Plaintiffs,

      v.

MORGAN STANLEY, MORGAN STANLEY &
CO. LLC, MORGAN STANLEY ABS CAPITAL I
INC., MORGAN STANLEY MORTGAGE
CAPITAL INC., and MORGAN STANLEY
MORTGAGE CAPITAL HOLDINGS LLC,

                  Defendants.

1:12-cv-7667-VEC-GWG

### DECLARATION OF ERIC KAPLAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, ERIC KAPLAN, pursuant to 28 U.S.C. § 1746, hereby declare the following under penalty of perjury is true to the best of my knowledge and recollection:

1. The facts set forth are true to the best of my knowledge and recollection. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify as set forth below.

2. I am employed by Shellpoint Partners LLC and serve as Managing Director of Mortgage Finance. I began working at Shellpoint Partners LLC in September 2011. Prior to that, beginning in the spring of 2003, I worked at Morgan Stanley. I began as a Vice President in the Residential Mortgage Finance Group at Morgan Stanley and received a promotion to Executive Director in approximately 2007.

3. During my time at Morgan Stanley, I worked as a transaction manager on whole-loan acquisitions. My duties included overseeing the execution of certain transactions in which Morgan Stanley purchased residential mortgage whole loans. In this capacity, among other things, I coordinated the efforts of the various groups at Morgan Stanley that worked on a whole-loan purchase transaction. I was part of a team, sometimes referred to as "contract finance" or "transaction management," that documented terms and agreements of such loan acquisitions and that coordinated with the applicable loan seller regarding issues that came up in those transactions. From approximately the end of 2005 until the beginning of 2007, I worked on subprime loan acquisitions. I also worked on subprime transactions at Morgan Stanley for a short period of time in approximately 2003 or 2004. I resigned from Morgan Stanley in July 2011 to join Shellpoint Partners LLC.

4. Morgan Stanley's relationship with New Century regarding Morgan Stanley's purchases of loans from New Century was governed by formal agreements, including Mortgage Loan Purchase and Warranties Agreements ("MLPWAs") and Purchase Price and Terms Agreements ("PPTAs").

5. An MLPWA was a standing document that governed current and future purchases by Morgan Stanley of loans from New Century.

6. To the best of my knowledge and recollection, attached hereto as Exhibits A-C are the following representative MLPWAs: the Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated January 1, 2003 (MS01604255); the Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated December 1, 2005 (MS00174525); and the Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated May 1, 2006 (MS00063573).

7.  Each of the MLPWAs contained a clause entitled "Origination," which stated that "[New Century's] decision to originate any mortgage loan or to deny any mortgage loan application is an independent decision based upon [New Century's] Underwriting Guidelines, and is in no way made as a result of [Morgan Stanley's] decision to purchase or not to purchase, or the price [Morgan Stanley] may offer to pay for, any such mortgage loan, if originated." *See, e.g.*, Exhibit A (MS01604255), Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated January 1, 2003, at 19; Exhibit B (MS00174525), Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated December 1, 2005, at 23; Exhibit C (MS00063573), Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated May 1, 2006, at 24.

8.  Each of the MLPWAs also contained a clause entitled "Compliance with Applicable Laws," in which New Century represented and warranted to Morgan Stanley that, as to each mortgage loan subject to that MLPWA, it complied with "[a]ny and all requirements of any federal, state or local law." *See, e.g.*, Exhibit A (MS01604255), Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated January 1, 2003, at 20-21; Exhibit B (MS00174525), Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated December 1, 2005, at 25; Exhibit C (MS00063573), Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated May 1, 2006, at 26.

9.  Each respective PPTA memorialized the terms of Morgan Stanley's specific transactions with New Century, *i.e.*, the purchase of individual loan pools from New Century.

10. Each PPTA was different in some respects from other PPTAs because it reflected the characteristics of the individual transaction to which it related.

3

11. To the best of my knowledge and recollection, attached hereto as Exhibits D-F are representative PPTAs, dated March 10, 2004 (MS01903579), August 16, 2005 (MS01779181), and May 8, 2006 (MS01884840), respectively.

12. Attached to each PPTA were a set of Bid Terms. Applicable portions of the Bid Terms derived from the characteristics of the loans in the particular loan pool that New Century had put out for bid and that Morgan Stanley had purchased.

13. Specifically, New Century provided Morgan Stanley, and other bidders of its loan pools, with a "tape" that contained the characteristics of the pool of loans that it put out to bid. If Morgan Stanley won the bid and a transaction was agreed to between Morgan Stanley and New Century, my group, "transaction management," would be notified and we would be asked to document or oversee the documentation of Bid Terms based on New Century's tape. The purpose of the Bid Terms was to memorialize the characteristics of the pool of loans New Century delivered to Morgan Stanley and upon which Morgan Stanley based its bid, and to confirm later at closing that the final pool of loans to be purchased by Morgan Stanley reflected the characteristics of the pool put out to bid by New Century and, specifically, the characteristics of the pool upon which Morgan Stanley based its pricing.

14. To the best of my knowledge and recollection, attached hereto as Exhibits G-I are several representative sets of Bid Terms, which were attachments to the PPTAs, dated March 10, 2004 (MS01903588), August 16, 2005 (MS01779197), and May 8, 2006 (MS01884962).

15. The Bid Terms in Exhibit G (MS01903588), which were an attachment to the March 10, 2004 PPTA, stated, among other things, that "[a] minimum of 78.00% . . . +/- 3%" of the loans in the pool" were to have a prepayment penalty "as detailed in [New Century's] underwriting guidelines…"; "[n]o more than 40.00%" of the loans in the pool were to be stated

4

documentation loans; and "[n]o more than 15%" of the loans in the pool were to be interest only loans.

16. The Bid Terms in Exhibit H (MS01779197), which were an attachment to the August 16, 2005 PPTA, stated, among other things, that "[n]o less than 70.05%" of the loans in the pool were to have a prepayment penalty; "[n]o more than 42.46%" were to be stated documentation loans; and "[n]o more than 26.65%" of the loans in the pool were to be interest only loans.

17. The Bid Terms in Exhibit I (MS01884962), which were an attachment to the May 8, 2006 PPTA, stated, among other things, that "[n]o less than 68.95%" of the loans were to have a prepayment penalty; "[n]o more than 48.56%" were to be stated documentation loans; and "[n]o more than 16.00%" of the loans in the pool were to be interest only loans.

18. All of the Bid Terms attached as Exhibits G-I also state that "[n]one of the [mortgage loans in the New Century pool] are 'High Rate, High Cost' loans (commonly known as Section 32 loans) according to Regulation Z of the Truth and Lending Act."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2014.

Eric Kaplan