WILMERHALE

March 3, 2015

**David W. Ogden**

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

**By ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:     *Adkins et al. v. Morgan Stanley et al.*, No. 1:12-cv-7667 (VEC) (GWG)

Your Honor:

Morgan Stanley writes in response to Plaintiffs' February 18, 2015 letter to the Court regarding the Second Circuit's recent decision in *Sykes v. Mel S. Harris & Assoc., LLC*, Case Nos. 13-2742-cv, 13-2747-cv, 13-2748-cv (Feb. 10, 2015), which underscores why Plaintiffs' motion for class certification should be denied.

In *Sykes*, the plaintiffs alleged that the defendants engaged in a scheme to obtain fraudulent default judgments on consumer debt in New York City Civil Court. *See* Slip Op. 7-14.  As relevant here, the district court granted plaintiffs' motion to certify a Rule 23(b)(3) class consisting of persons who had default judgments entered against them and who asserted claims under RICO, the Fair Debt Collection Practices Act (FDCPA), and New York law. *Id.* at 16-17. On appeal, the majority of the panel held, over a dissent by Judge Jacobs, that the district court did not abuse its discretion in certifying the class.  *Id.* at 6.

Two aspects of *Sykes* contrast strikingly with this case.  *First*, the majority in *Sykes* found that although "individual causation issues may exist in this case" they did not "predominate." Slip Op. 46.  The majority found that there was no individual issue of causation for plaintiffs' FDCPA claim because that claim required only simple proof common to the class: the filing of a fraudulent affidavit attesting to personal knowledge regarding a debt was in itself sufficient to violate the statute, *id.* at 47, and the affidavits for all class members were signed by a single individual who admittedly had not reviewed "documents relevant to the underlying debt," *id.* at 33.  The majority acknowledged that causation was "relevant" to plaintiffs' RICO claims, which required proof of an actual injury to plaintiffs' business or property.  *Id.* at 47.  Defendants argued that if borrowers actually owed a debt and received proper service then they could not actually have been injured.  The court acknowledged that this argument "ha[d] force," but stated that because it was the "single arguably individual issue" in the case it did not preclude the district court from certifying the class standing alone.  *Id.* at 48.

The causation issues in *Sykes* were therefore much simpler and more uniform than the causation issues in this case, where Plaintiffs make the novel claim that Morgan Stanley—one of many purchasers of loans issued by an independent third party, New Century—"caused" New

WILMERHALE

Honorable Valerie Caproni
By ECF
Page 2


Century to enter into thousands of separate transactions with varying terms over a four-year period, where Morgan Stanley only purchased some of those loans.  As we have explained, with this vast diversity of circumstances, among other substantial variations across the period and the loans, determining what caused any particular loan transaction will be fraught with individual questions—including questions about the borrower's particular circumstances and particular loan, their broker's role, the conduct of New Century, market conditions at a given point in time, and the conduct of New Century's many other business partners, including other secondary market participants.  *See* ECF No. 203 at 11-22.  Indeed, a prior RICO case in the Second Circuit has recognized that class certification is inappropriate where causation hinges on the "independent actions of third and even fourth parties."  *See UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 134 (2d Cir. 2010) (internal quotation marks omitted).  That is certainly the situation in this case, and nothing in *Sykes* undermines that holding.  In addition, unlike in *Sykes*, causation is far from the only individual issue in this action.  *See* ECF No. 203 at 22-31.

        *Second*, the majority in *Sykes* noted that the plaintiffs there—apparently recognizing that individual litigation of defendants' statute of limitations defense would preclude class certification—disclaimed any reliance on equitable tolling.  Slip Op. at 42-43.  As a result, the FDCPA claims of certain class members, including two named plaintiffs, were subject to dismissal on statute of limitations grounds, leading defendants to argue that plaintiffs' counsel had "trade[d]" a "serious Rule 23(b)(3) predominance problem for a Rule 23(a) adequacy problem."  *Id.* at 43-44.  In rejecting that adequacy argument, the majority emphasized that despite the disclaimer the affected class members could nevertheless still advance their federal RICO and New York state law claims, which have longer statutes of limitations.  *Id.* at 44.

        Here, by contrast, the named Plaintiffs' interests are fundamentally antagonistic to the proposed class.  They seek actual damages for themselves—relief that the Fair Housing Act expressly authorizes—but for the class seek only disgorgement, a very different remedy that likely is *not* available under the FHA.  *See* ECF No. 203 at 32-25.  Unlike in *Sykes*, none of the named Plaintiffs has put her own recovery at risk, and none of the absent class members has other viable claims that could provide an alternative grounds for the same relief.  The named Plaintiffs' strategic ploy of jettisoning for class members claims to relief that they retain for themselves has thus jeopardized absent class members' ability to obtain any recovery at all even if plaintiffs could establish liability on their behalf; that choice renders them plainly inadequate as class representatives.  Making matters worse, Plaintiffs' reliance on the discovery rule to save their claims from the FHA's two-year statute of limitations raises the same types of individual questions that the plaintiffs in *Sykes* wisely sought to avoid.  *See id.* at 29-31.

WILMERHALE

Honorable Valerie Caproni
By ECF
Page 3

Respectfully submitted,

*/s/* David W. Ogden_____

David W. Ogden

cc:      Plaintiffs' counsel (via ECF)